843 So.2d 74 (2003)
Jared Gregory MASSEY, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00034-COA.
Court of Appeals of Mississippi.
January 21, 2003.
Rehearing Denied April 22, 2003.
Jared Gregory Massey (Pro Se), attorney for appellant.
Office of the Attorney General, by Scott Stuart, attorney for appellee.
Before McMILLIN, C.J., THOMAS and CHANDLER, JJ.
CHANDLER, J., for the court.
¶ 1. Jared Massey pled guilty to manslaughter and was sentenced to a term of twenty years' incarceration with eight years suspended. The appeal now before us was taken from the circuit court's order denying Massey relief on a petition for writ of error coram nobis. Massey asserted in his petition and reiterates in this appeal that (1) he received ineffective assistance of counsel, (2) his guilty plea was involuntary and unintelligently made and (3) he was coerced in his confession during police interrogation. The circuit court, without going to the merits of Massey's assertions, held that the petition actually constituted a motion cognizable under Mississippi's post-conviction statutes and dismissed the petition as an impermissible second filing for relief under the statute. We agree that the petition is procedurally barred and affirm the circuit court's dismissal order.

FACTS
¶ 2. Sixteen-year-old Jared Massey shot and killed Paul Lee Williams on April 20, 2000. He was indicted by a grand jury for murder. On February 20, 2001, he pled guilty to manslaughter and was sentenced to twenty years' imprisonment with eight years suspended.
¶ 3. On August 1, 2001, Massey filed a motion for post-conviction relief claiming that due to his age he was entitled to have been dealt with as a minor. On September *75 19, 2001, the circuit court denied his motion.
¶ 4. On September 27, 2001, Massey filed a subsequent petition for writ of error coram nobis. He claimed that his plea was involuntary because he was mentally incompetent. He also claimed ineffective assistance of counsel considering his attorney allowed him to plead guilty knowing of his mental state. The circuit court denied his motion stating that Miss.Code Ann. § 99-39-3 abolished the common law writs relating to post-conviction collateral relief, including error coram nobis. On November 26, 2001, Massey filed a notice of appeal.

LAW ANALYSIS
I. WAS PETITIONER DENIED A FAIR TRIAL AS A RESULT OF INEFFECTIVE ASSISTANCE OF COUNSEL?
II. WAS PETITIONER'S GUILTY PLEA MADE INVOLUNTARILY, UNKNOWINGLY, AND UNINTELLIGENTLY THEREFORE DENYING HIM HIS DUE PROCESS RIGHTS UNDER THE CONSTITUTION?
III. WAS PETITIONER'S CONFESSION COERCED DURING POLICE INTERROGATION?
¶ 5. We combine the issues asserted by Massey into one issue as follows:

I. DID THE TRIAL COURT ERR IN DENYING MASSEY'S SUCCESSIVE PETITION FOR POST-CONVICTION RELIEF?
¶ 6. According to section 99-39-23(6) of the Mississippi Code, the denial of relief is "a bar to a second or successive motion(s)." Miss.Code Ann. § 99-39-23(6) (Rev.2000). Although there are exceptions, Massey has failed to show one here.
Excepted from this prohibition is a motion filed pursuant to Section 99-19-57(2), Mississippi Code of 1972, raising the issue of the convict's supervening insanity prior to the execution of a sentence of death.... Likewise excepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence or that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial it would have caused a different result in the conviction or sentence. Likewise excepted are those cases in which the prisoner claims that his sentence has expired or his probation, parole or conditional release has been unlawfully revoked.
Miss.Code Ann. § 99-39-23(6) (Rev.2000).
¶ 7. In a petition for post-conviction relief, the petitioner carries the burden of proving that his claim is not procedurally barred, and Massey has failed to overcome this burden with an exception fitting under the Post-Conviction Relief Act. Lockett v. State, 614 So.2d 888, 893 (Miss.1992).
¶ 8. Massey's claims are that his counsel was ineffective considering his attorney knew that he suffered from a mental disorder and allowed him to plea, that his guilty plea was not knowingly, voluntarily or intelligently made because of his mental condition and that his confession was coerced during police interrogation. Massey's claims do not fall within the statutory exceptions. The trial judge did not err in dismissing the motion.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF SCOTT COUNTY DENYING *76 POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SCOTT COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, AND MYERS, JJ., CONCUR. GRIFFIS, J., NOT PARTICIPATING.