858 So.2d 149 (2003)
Steve JASPER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-KA-00317-COA.
Court of Appeals of Mississippi.
July 29, 2003.
Rehearing Denied October 28, 2003.
*150 Leslie D. Roussell, Collins, attorney for appellant.
Office of the Attorney General by Jeffrey A. Klingfuss, attorney for appellee.
Before KING, P.J., BRIDGES and IRVING, JJ.
KING, P.J., for the Court.
¶ 1. Steve Jasper was found guilty in the Wayne County Circuit Court of felony shoplifting and sentenced as an habitual offender to serve five years in the custody of the Mississippi Department of Corrections. Aggrieved by his conviction, Jasper has appealed and raised the following issues:
I. Whether the trial court erred by sentencing Jasper as an habitual offender.
II. Whether the trial court erred by allowing Deputy Kevin Stevens to give testimony regarding privileged information.
III. Whether the trial court erred by failing to give the requested lesser-included offense jury instruction.

FACTS
¶ 2. On April 10, 2001, Jasper entered Hutto Furniture in Waynesboro. Jasper *151 looked around the furniture store at various items. One of the employees asked Jasper if he needed assistance. According to Mr. Hutto, owner of the store, Jasper was the only individual in the store besides the employees.
¶ 3. Mr. Hutto and the employees "heard some racket, like something had jarred the door." The buzzer sounded on the door. Jasper was no longer in the store. One of the employees noticed a red Grand Am had pulled out of the parking area next to the store. Mr. Hutto indicated that while looking outside the store, he and one of the employees noticed that "part of the mounting brackets and all of the air conditioner was on the side walk. At that time we realized thatand then we looked and seen the air conditioner gone." The mounting brackets were located on the sidewalk just outside the door. Mr. Hutto and one of the employees saw the vehicle leaving the parking area and followed it. Mr. Hutto followed the vehicle to the parking lot of the local Wal-Mart and called the sheriff's department which put him through to the police department.
¶ 4. The occupants of the vehicle came out of Wal-Mart, got in the vehicle and left. Mr. Hutto was on his cell phone with the dispatcher giving information regarding the vehicle's direction of travel. Officer Robert Owen of the Waynesboro Police Department was directed to the area and pulled the vehicle over, with Jasper the driver.
¶ 5. Officer Owen testified that "[w]hen I got the vehicle stopped, as I was getting out and walking up to the vehicle, the driver stepped out of the vehicle and began walking back towards me. I asked him for a driver's license and identification. He didn't have any. He gave me a name of Steve Jasper and said that he did not have a driver's license. And at that time, I placed him under arrest for driving without a driver's license." Officer Owen, along with other officers on the scene, did an impound inventory of the vehicle prior to it being towed. Officer Owen indicated that "there was a GE air conditioner in the trunk of the vehicle." While at the scene, Mr. Hutto looked at the air conditioner and indicated that he thought it was one of his air conditioners missing from the display shelf. Officer Owen photographed the air conditioner at the scene, both in the trunk of the vehicle and after it was removed from the vehicle, and turned it back over to Mr. Hutto.
¶ 6. Mr. Hutto testified that once he took the air conditioner back to the store, he confirmed the serial number and model number off that air conditioner with the store's records. He indicated that the information matched. Mr. Hutto stated that the price on this particular GE air conditioner was $379.
¶ 7. At trial, Deputy Sheriff Kevin Stevens testified that he overheard Jasper comment to his attorney "that there was a misunderstanding about the value of anI believe it was an air conditioner; that they had him charged with taking an air conditioner over $250 and that he made sure it was under $250 on the one he took, so that made it a misdemeanor instead of a felony." Officer Stevens also indicated that at the time the statement was made he was not aware of whether or not Jasper or the attorneys were involved in any plea negotiations.
¶ 8. At trial, Jamie Bush, a latent print examiner with the Mississippi Crime Lab, testified that the latent prints submitted to the crime lab by Officer Owen matched the palm prints on the identification card bearing the name "Steve Jasper."
¶ 9. Jasper was convicted of felony shoplifting and sentenced as an habitual offender under Mississippi Code Annotated Section *152 99-19-81 (Rev.2000), with five years to serve in the custody of the Mississippi Department of Corrections and ordered to pay a fine and other court costs.

ISSUES AND ANALYSIS

I.
Whether the trial court erred by sentencing Jasper as an habitual offender.
¶ 10. Jasper contends that the trial court erred by sentencing him as an habitual offender. He maintains that the State did not prove that he had two prior felonies serving one year or more in prison, as required under Mississippi Code Annotated Section 99-19-81 (Rev.2000).
¶ 11. To establish Jasper's habitual status, the State introduced certified copies of three "pen packs." Pen packs are the records maintained on inmates sentenced to the custody of the Department of Corrections. Russell v. State, 670 So.2d 816, 829 (Miss.1995).
¶ 12. When asked, counsel for Jasper indicated no objection to the admission of these pen packs.
¶ 13. The trial court determined that the testimony and evidence presented showed beyond a reasonable doubt that Jasper had been convicted of at least two felonies prior to this charge. "Those charges have been separately brought. They arose out of separate incidents, at different times, and he has been sentenced to terms of one year or more in the state penitentiary."
¶ 14. That finding was consistent with the evidence before the trial court, and pursuant to Mississippi Code Annotated Section 99-19-81 (Rev.2000), Jasper was appropriately sentenced as an habitual offender.

II.
Whether the trial court erred by allowing Deputy Kevin Stevens to give testimony regarding privileged information.
¶ 15. Jasper contends that the trial court erred by allowing Deputy Stevens to testify. Jasper claims that Deputy Stevens' name was not disclosed until the morning of trial and that his testimony went into matters of privileged information.
¶ 16. On the morning of trial, Jasper was informed that Deputy Stevens would testify, and was informed of the substance of his testimony. Despite having received this information on the morning of trial, Jasper announced ready for trial. Jasper objected only after Stevens was called to testify. The trial judge then asked Jasper if he wanted to question the witness, to which Jasper stated:
BY MR. ROUSSELL: Well, I know. But, I mean, my basic objection is that it's a violation of rules of discovery. And to let me know that he is going to testify today isI mean, that has some bearing on maybe how I would have presented the defense or what I would have done in preparation for it.
The trial judge indicated that because Jasper had been advised of the potential witness prior to trial and both parties announced "ready," the objection was overruled.
¶ 17. At trial, Deputy Stevens testified to having overheard Jasper's remark about the air conditioner's value. According to Stevens, Jasper was not responding to any question that he asked when the statement regarding the value of the air conditioner taken was heard. Deputy Stevens had been called to take Jasper back to the cell. As Stevens walked into the courtroom (where Jasper, his attorney, *153 and the district attorney were sitting according to Jasper's attorney), he overheard the remark. In his brief, Jasper's attorney indicates that the remark was heard "approximately two months prior to trial." Stevens testified that the following occurred:
Q. Did he (Jasper) make any comments concerning this case in your presence?
A. Yes, ma'am, there was a comment made.
Q. What was the comment?
A. Basically, all that was said was that there was a misunderstanding about the value of anI believe it was an air conditioner; that they had him charged with taking an air conditioner over $250 and that he made sure it was under $250 on the one he took, so that made it a misdemeanor instead of a felony.
Q. And was that in response to any question that you had asked him?
A. No. I was standing there. We were going back to the jail. And his attorney, Mr. Mitchell was there, and I was standing beside him, and it was just, basically, conversation amongst all of us. And we all looked at some photographs trying to read, I believe it was a bar code number. But they were too small to read.
¶ 18. The trial judge determined that the statement was not made in response to Jasper being questioned by the officer, and was not made under privileged circumstances.
¶ 19. There was accordingly no error in its admission.

III.

Whether the trial court erred by failing to give the requested lesser-included offense jury instruction.
¶ 20. Jasper contends that the trial court erred by failing to give a lesser-included-offense jury instruction, which he requested. Jasper claims that since there was testimony that "the air conditioning unit found in the back of the car defendant was driving was not an 8,000 btu unit as alleged by the State, but that it was a smaller 5,000 btu unit," the jury could have reasonably concluded that the actual air conditioner taken was less than $250 in value. He maintains that since this was one of his theories of the case that the instruction should have been granted.
¶ 21. A lesser-included-offense instruction "should only be given after the trial court has carefully considered the evidence and is of the opinion that such an instruction is justified by the evidence." Woodham v. State, 800 So.2d 1148 (¶ 24) (Miss.2001). The trial judge indicated that he was not aware of any evidence presented to support the inference that the "value of the air conditioner that was taken" was less than $250.
¶ 22. In this case, the State presented evidence through Mr. Hutto's testimony that the air conditioner found in the trunk of the vehicle was the same as the one missing from his store. Mr. Hutto testified that the particular air conditioner sold for $379. The latent print examiner testified that Jasper's palm prints matched the prints located on the air conditioner.
¶ 23. Having reviewed the evidence presented, we find that Jasper was not entitled to a lesser-included-offense jury instruction and affirm the trial judge's decision.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF WAYNE COUNTY OF CONVICTION OF FELONY SHOPLIFTING AND SENTENCE AS AN HABITUAL OFFENDER TO FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF *154 CORRECTIONS AND FINE OF $1,000 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WAYNE COUNTY.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, IRVING, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR.