MYERS, J.,
for the Court.
¶ 1. Ruben Pinson filed a motion for post-conviction relief in the Circuit Court of Calhoun County. The circuit court, without going into the merits of Pinson’s claim, denied the motion as being an impermissible second filing for relief. Pinson appeals and now requests our review of that decision.
I. DID THE TRIAL COURT ERR IN DENYING PINSON’S SUCCESSIVE MOTION FOR POST-CONVICTION RELIEF?
STATEMENT OF FACTS
¶ 2. On January 13, 1999, Ruben Pinson was indicted for aggravated assault and for two counts of the sale of marijuana. Pin-son waived the formal indictments, and an agreed motion to reduce the drug charges was granted. Pinson ultimately pled guilty to aggravated assault and to two counts of possession of marijuana with the intent to sell.
¶ 3. For the aggravated assault charge, Pinson received a twenty year suspended sentence and was placed on supervised probation for five years. For the drug charges, Pinson received a three year suspended sentence on each count and was placed on supervised probation for three years. All of the sentences were to run concurrently.
¶ 4. On January 19, 2000, Pinson violated the terms of his probation by testing positive for marijuana, by admitting to the use of marijuana and cocaine, and by failing to report to his parole officer. As a result, the trial court imposed Pinson’s earlier suspended sentences. On July 13, 2001, Pinson filed a motion for post-conviction collateral relief claiming that (1) he was subjected to double jeopardy; (2) his sentence was grossly disproportionate and amounted to cruel and unusual punishment; (3) he was denied his rights to due process; (4) he was denied his right to a speedy trial; (5) and he was denied his right to effective assistance of counsel.
¶ 5. On August 23, 2001, after reviewing Pinson’s record and the transcript from *350 the court proceedings, the trial court denied Pinson’s petition pursuant to Mississippi Code Annotated Section 99-39-11 (Rev.2000). Pinson’s attempt to appeal that decision on January 27, 2002, was denied as being untimely. On October 3, 2002, Pinson filed a motion for trial transcripts, but the trial court denied this motion approximately two weeks later because Pinson was not a pauper and had failed to post the required court costs.
¶ 6. On March 10, 2003, Pinson filed a second motion for trial transcripts. A day later, Pinson filed a petition for writ of mandamus asking the court to compel the circuit clerk of Calhoun County to prepare his trial transcript. After that petition was dismissed, Pinson filed an application for leave to proceed in the trial court. That application was also dismissed.
¶ 7. On April 14, 2003, Pinson filed a second motion for post-conviction relief. In addition to the claims presented in the first motion, Pinson alleged that there was no waiver of the formal indictments despite the fact that he signed the written waiver and acknowledged the same in open court. Pinson also alleged that his guilty plea was invalid.
¶ 8. On May 9, 2003, the trial court denied Pinson’s second motion making note of its successive status. On May 21,
2003, Pinson filed a notice of appeal with the supreme court which then transferred the case to this Court. Finding no error, we affirm.
LEGAL ANALYSIS
I. DID THE TRIAL COURT ERR IN DENYING PINSON’S SUCCESSIVE MOTION FOR POST-CONVICTION RELIEF?
¶ 9. In a petition for post-conviction relief, the prisoner carries the burden of proving that his claim is not procedurally barred. Massey v. State, 843 So.2d 74, 75(¶ 7) (Miss.Ct.App.2003). “[A]ny order dismissing the prisoner’s motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this article.” Miss.Code Ann. § 99-39-23(6) (Supp.2003). We note that there are certain exceptions under this statute. However, none have been invoked by Pinson or are applicable to his case.
¶ 10. Applying this statute, we find that Pinson filed his first petition for post-conviction relief on July 13, 2001. On August 23, 2001, the trial judge ruled that it was manifest that Pinson was entitled to no relief. Pinson then failed to file a timely notice of appeal from that decision. Since the decision denying Pinson’s first petition for post-conviction relief has been left untouched, his second attempt at post-conviction relief which was filed on April 14, 2003, is barred. See Stone v. State, 872 So.2d 87, 89 (¶ 13) (Miss.Ct.App.2004).
¶ 11. In addition, all of Pinson’s claims with the exception of ineffective assistance of counsel are barred for an additional reason.
Failure by a prisoner to raise objections, defenses, claims, questions, issues or errors either in fact or law which were capable of determination at trial and/or on direct appeal, regardless of whether such are based on the laws and the Constitution of the state of Mississippi or of the United States, shall constitute a waiver thereof and shall be proeedurally barred, but the court may upon a showing of cause and actual prejudice grant relief from the waiver.
Miss.Code Ann. § 99-39-21(1) (Supp.2003).
¶ 12. Pinson should have raised these issues before he pled guilty. Pinson also has failed to show any evidence of cause *351 and actual prejudice. As a result, those rights have been effectively waived. See Battaya v. State, 861 So.2d 364, 365(¶ 4) (Miss.Ct.App.2003). We find no error.
¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CALHOUN COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES, P.J., LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING AND BARNES, JJ., NOT PARTICIPATING.