¶ 1. On April 3, 1993, Earnest Sykes pled guilty to the sale of cocaine and was sentenced as an habitual offender to a thirty year sentence in the custody of the Mississippi Department of Corrections.
 ¶ 2. In Sykes v. State, 757 So.2d 997 (Miss. 2000), the Mississippi Supreme Court on motion for rehearing held that Sykes motion for post-conviction relief was not time-barred and remanded the case to the Clay County Circuit Court for a decision on the merits of Sykes' motion for post-conviction collateral relief (PCR). The circuit court denied Sykes' motion and he again appealed the denial of post-conviction relief. On January 31, 2002, the Mississippi Supreme Court issued a mandate affirming the trial court's finding.
 ¶ 3. On August 25, 2003, Sykes filed another motion for post-conviction relief in the Circuit Court of Clay County without first filing a motion with the Mississippi Supreme Court for leave to file in the circuit court. See Miss. Code Ann. §99-39-7 (Supp. 2004). The circuit court dismissed the motion based on jurisdictional grounds. Sykes has appealed from that decision.
 ¶ 4. In his brief to this Court, Sykes raises five issues: (1) ineffective assistance of counsel; (2) involuntary guilty plea; (3) defective indictment; (4) newly discovered evidence; and (5) the trial court was without jurisdiction to impose sentence. Sykes carries the burden of proving that his claims are not procedurally barred. Massey v. State, 843 So.2d 74, 75 (¶ 7) (Miss.Ct.App. 2003). Because we find that Sykes' claims are procedurally barred and that the circuit court correctly dismissed the motion, we affirm that court's decision. *Page 1066 
1. Res Judicata and Successive Writ
 ¶ 5. Mississippi Code Annotated section 99-39-23(6) provides:
 [A]ny order dismissing the prisoner's motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second and successive motion under this article. . . . [E]xcepted from this prohibition are those cases in which the prisoner can demonstrate either that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have adversely affected the outcome of his conviction or sentence of that he has evidence, not reasonably discoverable at the time of trial, which is of such nature that it would be practically conclusive that had such been introduced at trial that it would have caused a different result in the conviction or sentence. . . .
 ¶ 6. Sykes's claims concerning his guilty plea were reviewed by the circuit court after remand from the Mississippi Supreme Court. The circuit court specifically found that Sykes' claim that his attorney was ineffective for failing to object to the indictment was barred pursuant to Brandau v. State,662 So.2d 1051 (Miss. 1995). The claim of defective indictment is based on the same misconception of the law. The court also found that the plea colloquy established that Sykes was properly advised of the constitutional rights being waived.
 ¶ 7. Sykes entered his guilty plea after trial in his case had already begun. The "newly discovered evidence" is based on Sykes's argument the State's witness Mark Smith was not a credible person. There is no indication that this witness's testimony played any part in the guilty plea. This witness's testimony was known at the time of Sykes's early PCR motion and appeal to the supreme court. The final assignment of error in this appeal is based on the cumulative effects of the earlier issues. The issues raised by Sykes in his current PCR under consideration are essentially the same as was considered by the courts in the previous PCR and appeal.
 ¶ 8. Sykes's claims are procedurally barred based on the successive writ bar and res judicata.
2. Time Bar
 ¶ 9. In his first appeal, the Mississippi Supreme Court overturned the decision of the Court of Appeal and found that Sykes' first motion for post-conviction relief was timely filed. In its decision the supreme court adopted the "mail box rule" for filing motions for post-conviction relief. Sykes, 757 So.2d at (¶ 14). Sykes mailed his motion two days before the expiration of the three year statute of limitations, but the motion was not received and stamped filed by the trial court until two days after the expiration of the three year period.
 ¶ 10. Mississippi Code Annotated section 99-39-5(2) provides:
 A motion for relief under this chapter shall be made within three (3) years after the time in which the prisoner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in the case of a guilty plea, within three (3) years after entry of the judgment of conviction. . . . .
 ¶ 11. Sykes's PCR motion was filed on August 25, 2003 or more than ten years after his initial guilty plea. The present motion was clearly not filed within the three year period and would be procedurally barred on this basis. *Page 1067 
3. Lack of Jurisdiction
 ¶ 12. Mississippi Code Annotated section 99-39-7 provides that the PCR motion shall be filed as a civil action in the trial court "except in cases in which the prisoner's conviction and sentence have been appealed to the supreme court." The statute specifically provides that "the motion . . . shall not be filed in the trial court until the motion have first been presented to a quorum of the justices of the supreme court of Mississippi. . . ." As this Court held in Doss v. State,757 So.2d 1016, 1017 (¶ 5) "[t]his procedure is not merely advisory, but jurisdictional." Therefore, we are bound to affirm the trial court's finding that it lacked jurisdiction to consider Sykes' motion.
 ¶ 13. THE JUDGMENT OF THE CIRCUIT COURT OF CLAY COUNTYDISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALLCOSTS OF APPEAL ARE ASSESSED TO CLAY COUNTY.
KING, C.J., LEE, P.J., IRVING, MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.