CARLTON, J.,
for the Court.
¶ 1. This case is before the Court on appeal from the Copiah County Circuit Court’s dismissal of Jonathan McGriggs’s third motion for post-conviction relief. McGriggs raises the following four errors in his appeal: (1) his guilty plea was not voluntary; (2) he received ineffective assistance of counsel; (3) the trial court exceeded its authority in sentencing him to life in prison; and (4) his motion for post-conviction relief is not procedurally barred. However, we need not reach McGriggs’s issues on the merits, because we find McGriggs’s third motion[1] to be time-barred and procedurally barred as a successive writ. As a result, we affirm the trial court’s dismissal of McGriggs’s third motion for post-conviction relief.
FACTS
¶2. McGriggs was indicted for capital murder pursuant to Mississippi Code section 97-3-19(2) (Rev.2006) in Copiah County on June 6, 2000. On March 5, 2001, McGriggs pled guilty to a reduced charge of murder and was sentenced pursuant to Mississippi Code Annotated section 97-3-21 (Rev.2006). McGriggs stated in his guilty plea petition that he expected to receive life with parole for his guilty plea to murder.
¶ 3. However, the trial judge informed McGriggs that parole was not guaranteed and that he would receive a life sentence. The trial judge told McGriggs, “[N]o one can assure you early release, parole, good time or anything else.... You may be required to stay in jail the rest of your life. Do you understand?” McGriggs v. State, 877 So.2d 447, 450(8) (Miss.Ct.App.2003). McGriggs said he understood and accepted the reduced plea to murder. Id.
¶4. On November 21, 2002, McGriggs filed a pro se motion for post-conviction relief which was denied and never appealed. Id. at 449(6). Copies of McGriggs’s November 21, 2002, motion could not be *748 found. Id. McGriggs filed a second successive post-conviction relief motion on December 3, 2002, which was dismissed by the trial court on December 23, 2002. Id.
¶ 5. In the trial court’s dismissal of McGriggs’s second post-conviction relief motion on December 23, 2002, the trial court referenced its prior denial of McGriggs’s November 21, 2002, motion for post-conviction relief. Id. This Court found that although there was no record to support or deny the existence of McGriggs’s November 21, 2002, motion for post-conviction relief, that the trial court’s reference in its December 23, 2002, dismissal of MeGriggs’s November 21, 2002, motion was “sufficient to take judicial notice of its existence and to rule that the successive motion was improper.” Id. The Court affirmed the trial court’s dismissal of McGriggs’s second motion because it was successive and lacked merit. Id. at 450(9).
¶ 6. On February 12, 2008, McGriggs filed his third post-conviction relief motion. The trial court dismissed McGriggs’s motion on February 20, 2008, on the basis that McGriggs was proeedurally barred from making successive writs. On May 12, 2008, McGriggs appealed.
DISCUSSION
¶ 7. A trial court’s dismissal of a motion for post-conviction relief will not be disturbed unless the trial court’s factual findings were clearly erroneous. Williams v. State, 872 So.2d 711, 712(¶2) (Miss.Ct.App.2004). Questions of law, however, are reviewed de novo. Robinson v. State, 904 So.2d 203, 204(¶ 3) (Miss.Ct.App.2005).
¶ 8. In the case of a guilty plea, a motion for post-conviction relief must be filed within three years after entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Rev.2007). If a petitioner files subsequent motions after expiration of the statute of limitations, they will not be proeedurally barred under the statute if he can show: (1) there has been an intervening decision of the United States Supreme Court or of the Mississippi Supreme Court that would have adversely affected the outcome of his conviction or sentence; (2) there now exists new evidence that was not discoverable at the time of trial; (3) his sentence has expired; or (4) his probation or parole has been unlawfully revoked. Id.
¶ 9. For example, in Sykes v. State, 919 So.2d 1064, 1066 (¶¶6-8) (Miss.Ct.App.2005), Sykes’s second post-conviction relief motion was proeedurally barred because Sykes raised the same issues in his second post-conviction relief motion as he had raised in his first post-conviction relief motion. Thus, Sykes’s second post-conviction relief motion was proeedurally barred as a successive writ and res judicata. Id. at (8). Additionally, Sykes’s second motion was time-barred because it was filed more than ten years after his guilty plea was entered. Id. at (¶ 11).
¶ 10. In contrast, in Stevenson v. State, 674 So.2d 501, 505 (Miss.1996) the Court found Stevenson’s third motion for post-conviction relief was not proeedurally barred because the sentence of life without parole for murder, which was imposed when the governing statute did not permit such a sentence, was an unenforceable sentence and, thus, plain error capable of being addressed.
¶ 11. Similar to the situation in Sykes, McGriggs’s third motion is proeedurally barred as a successive writ and it raises essentially the same issues McGriggs addressed in his second motion for post-conviction relief. See Sykes, 919 So.2d at 1066 (¶¶ 6-8); see also Miss.Code Ann. § 99-39-27(9) (Rev.2007) (stating that the dismissal or denial of successive attempts to obtain post-conviction relief “is a final judgment and shall be a bar to second or successive application under this [statute]” *749 provided the successive writ does fall under any of the listed exceptions provided under the statute). Also, as in Sykes, McGriggs’s third motion is time-barred because it was filed approximately seven years after McGriggs’s guilty plea was entered. See id. at (11).
¶ 12. Moreover, unlike in Stevenson, where the petitioner raised a fundamental, constitutional issue that was determined to be plain error, McGriggs’s motion raises no such issues. See Stevenson, 674 So.2d at 505. Therefore, because McGriggs’s third post-conviction relief motion does not fall under any of the listed exceptions under sections 99-39-5(2) or 99-39-27(9) and is time-barred and procedurally barred as a successive writ, we affirm the trial court’s dismissal of McGriggs’s third motion for post-conviction relief.
¶ 13. THE JUDGMENT OF THE CO-PIAH COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO COPIAH COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ, CONCUR.

. McGriggs's three post-conviction relief motions were filed on the following dates: (1) November 21, 2002; (2) December 3, 2002; and (3) February 12, 2008.