ROBERTS, J.,
dissenting:
¶ 29. The majority affirms the decision of the Leflore County Circuit Court based on the judicial declaration that statutory rape is per se a crime of violence. With respect for the majority, I cannot reach the same conclusion. I would find that the prosecution proved that Carlos Taylor was a non-violent habitual offender. Taylor concedes that fact. In this case, the differ *751 ence to Taylor is his freedom after seven mandatory years in prison versus dying there. I would find that the prosecution failed to prove beyond a reasonable doubt that Taylor had previously committed a crime of violence. By our statutes, statutory rape simply does not include violence or the threat of violence to a person as one of its essential elements. I would require the prosecution go further and prove beyond a reasonable doubt that violence to a person was, in fact, present in the crime before sentencing an offender to prison for the remainder of his life. My dissent is based primarily on the same rationale as was my dissent in Brown v. State, 102 So.Bd 1130, (Miss.Ct.App.2011). I see no need to repeat it here. Because the majority concludes otherwise, I respectfully dissent.
¶ 30. Taylor was an inmate in the custody of the Mississippi Department of Corrections (MDOC) while serving concurrently three years for selling twenty dollars’ worth of marijuana and six years for what is likely some conviction obtained under an unspecified provision of Mississippi’s sex-offense statutes. The uncertain nature of the latter-mentioned conviction will be discussed below in greater detail. For brevity’s sake, I refer to that conviction as,, most likely, a statutory rape. While serving those sentences, Taylor was caught trying to flush less than half an ounce of marijuana down a toilet. Based on the record, it appears that one of Taylor’s authorized visitors delivered the marijuana to him during a visitation period. As a result, he was charged with possession of a controlled substance in a correctional facility in violation of Mississippi Code Annotated section 47-5-198(1) (Rev. 2004).
¶ 31. The maximum sentence for possession of a controlled substance in a correctional facility is seven years in the custody of the MDOC. However, the prosecution charged Taylor as a habitual offender pursuant to Mississippi Code Annotated section 99-19-83 (Rev.2007). Instead of a maximum of seven years in the custody of the MDOC, Taylor faced a life sentence.
¶ 32. This appeal hinges on whether the prosecution presented sufficient evidence to prove beyond a reasonable doubt that Taylor had previously been convicted of a crime of violence. During Taylor’s sentencing hearing, Ricky Banks, the sheriff of LeFlore- County, testified that Taylor had previously been convicted of “sexual intercourse of a child underage.” However, during cross-examination, Sheriff Banks testified that “[i]t was a sexual assault.” Unprompted, the prosecutor spoke up and corrected Sheriff Banks’s testimony by volunteering that Taylor’s crime involved some unspecified presumed sexual contact “[wjith a child under age.” Besides those two inconsistent statements, at no time during Sheriff Banks’s testimony did he specify what particular sex offense Taylor had previously been convicted of committing.
¶ 33. Gloria Gibbs, the records custodian at the Mississippi State Penitentiary, testified that she reviewed Taylor’s pen pack.[7] The prosecution asked Gibbs whether one cause number referenced in Taylor’s pen pack “was ... the offense of sexual intercourse with a child under age?” Gibbs responded, “[y]es, sir.” Gibbs also sponsored the introduction of Taylor’s pen pack into evidence. However, the pen pack does not contain a copy of the indict *752 ment for Taylor’s sex offense. Likewise, it does not contain a copy of the sentencing order by which Taylor was sentenced for having committed a sex offense. Furthermore, the pen pack does not reference any Mississippi statute that Taylor had previously violated. Instead, the pen pack simply refers to Taylor’s offense as a “sex offense” and “sex with an underage child.”
¶34. Although the words “statutory rape” do not appear in the record, that is apparently the offense to which the prosecution’s witnesses were referring when they testified that Taylor was convicted of having sex with a “child under age.”[8] However, Mississippi Code Annotated section 97-3-65 (Supp.2011) lists different circumstances in which one may be convicted of statutory rape. Primarily, the statutory-rape portion of section 97-3-65 is divided into two subparts based on the relative ages of the accused and the victim.
¶ 35. Mississippi Code Annotated section 97-3-65(l)(a) states that a person is guilty of statutory rape if he or she “has sexual intercourse with a child who: (i) [i]s at least fourteen (14) but under sixteen (16) years of age; (ii) [i]s thirty-six (36) or more months younger than the person; and (iii) [i]s not the person’s spouse.” Alternatively, a person of any age is guilty of statutory rape if he or she “has sexual intercourse with a child who: (i) [i]s under the age of fourteen (14) years; (ii) [i]s twenty-four (24) or more months younger than the person; and (iii) [i]s not the person’s spouse.” Miss.Code Ann. § 97-3-65(l)(b). We do not know whether Taylor was convicted under section 97-3-65(l)(a) or section 97-3-65(l)(b).
¶ 36. Under either provision, one may be convicted of statutory rape without the State having to present any evidence that violence or the threat of violence to a person occurred during the sexual intercourse. Stated differently, 97-3-65 simply makes felonious the act of sexual intercourse between two individuals based on their respective ages at the time of the act. There is no element of force or violence required in the statute. It is true that the statute states: “Neither the victim’s consent nor the victim’s lack of chastity is a defense to a charge of statutory rape.” Miss.Code Ann. § 97-3-65(2). Statutorily prohibiting an accused from claiming the victim’s consent or lack of chastity as a defense to the charge does not equate with the conclusion that the sexual intercourse was necessarily violent. Additionally, mistake of true age of the victim on the date of sexual intercourse is no defense for an accused. Collins v. State, 691 So.2d 918, 923 (Miss.1997). Even if the parties stipulate that the victim told the accused at the time that she was sixteen years old, if her true age when the sexual intercourse occurred was fifteen years old or younger, the intercourse was in fact felonious.
¶ 37. Based on the age of the person convicted of statutory rape and the victim, a sentence for statutory rape may vary significantly. The record demonstrates that Taylor was nineteen years old when he committed statutory rape on December 2, 1999. Since absolutely nothing appears in the record, we do not know the victim’s age. However, we do know that Taylor was sentenced to six years in the custody of the MDOC.
*753 ¶ 38. If Taylor had been convicted under section 97-3-65(l)(a), he faced a sentence of “not more than five (5) years in the State Penitentiary.” Miss.Code Ann. § 97-3-65(3)(a). Because Taylor was sentenced to six years in the custody of the MDOC, he could not have been convicted under section 97 — 3—65(l)(a). Furthermore, because Taylor was nineteen years old when he committed the underlying offense, he could not have been sentenced pursuant to Mississippi Code Annotated section 97-3-65(3)(b), which only applies to offenders who were at least twenty-one years old at the time of the offense.
¶ 39. Mississippi Code Annotated section 97 — 3—65(3)(c) applies to circumstances in which a person convicted of statutory rape pursuant to section 97 — 3—65(l)(b) is at least eighteen years old at the time of the offense. Taylor met the age requirement, but his six-year sentence does not. Section 97 — 3—65(3)(c) requires that one convicted under section 97 — 3—65(1)(b) be sentenced to a term of incarceration that is no less than twenty years but no more than life. Finally, Mississippi Code Annotated section 97 — 3—65(3)(d) applies to sentencing people who were between thirteen and eighteen years old when they committed statutory rape. Clearly, Taylor did not fall within that range.
¶ 40. Thus, the record before us contains references to Taylor having been convicted of a crime that was probably statutory rape, although we have no idea what the age of the victim was because, given Taylor’s age at the time, his six-year sentence did not fall within any of the possible sentencing parameters. It is possible that Taylor received an illegally lenient sentence as part of a plea bargain. An even more glaring omission is that we have absolutely no idea of the underlying circumstances of the crime. It is possible that the sexual intercourse that led to Taylor’s conviction was factually consensual and that no violence or threat of violence occurred during the commission of the crime. More importantly, the record contains no evidence that violence or the threat of violence actually occurred during the commission of the crime.
¶ 41. I humbly submit that because violence or the threat of violence to a person is not an element of the statute, the prosecution should have to prove beyond a reasonable doubt that the prior statutory-rape offense was in fact violent before a habitual offender can be sentenced to serve the remainder of his life in prison.
¶ 42. An example is appropriate to illustrate the unjust consequences of the majority’s decision. Amanda was a fifteen-year-old ninth grader approaching her sixteenth birthday. She and her boyfriend, Ben, grew up on the same street. They have been dating for nearly a year with their parents’ approval. They are both honor students, and their parents have been friends for years. Ben is a few years older than Amanda. When he was in the first grade, he struggled to cope with dyslexia. As a result, his parents held him back that year. Many years later, Ben has become a straight-A, honor roll student. He is also the senior class president, the captain of the football and baseball teams, and the salutatorian of his graduating class. They both profess that they love each other and they intend to be together forever. Ben has been attending church with Amanda and her family. Although Amanda’s parents were somewhat wary of Amanda dating Ben, after many months of close supervision, they are convinced that Ben is a good young man who loves their daughter. Ben and Amanda profess to anyone who will listen that they love each other and they intend to be together forever.
*754 ¶ 43. Ben’s nineteenth birthday was two days before the prom. He surprised Amanda by giving her a gift — a promise ring — on his birthday. Despite all of the excellent and well-advised reasons to abstain from premarital sex, they unfortunately failed to control themselves after the senior prom. They were completely unaware that, for no other reason than the fact that Ben had factually consensual, if not legally consensual sexual intercourse with Amanda, who was more than thirty-six months younger than him and not yet then sixteen years old, Ben is a statutory rapist and a per se violent felony offender under the majority’s reasoning. However, if Amanda had celebrated her sixteenth birthday on the day before Ben’s birthday, no statutory rape would have ever occurred. What a difference two days makes.
¶44. Neither the Mississippi Legislature nor the Mississippi Supreme Court have concluded that statutory rape is a per se violent offense. In fact, the Mississippi Supreme Court has twice stated that statutory rape is not necessarily a violent offense. The majority and the author of one of the concurring opinions both recognize that in Hughes v. State, 892 So.2d 203, 211 (¶ 19) (Miss.2004), the Mississippi Supreme Court — the ultimate arbiter of the law in this state — held that “there may be instances of consensual, nonviolent sex which nonetheless violate the statutory rape laws.” Nevertheless, both the majority and the author of one of the concurring opinions find that the supreme court’s clear and direct statement was merely dicta that carries no weight or authority.
¶45. The Mississippi Supreme Court also addressed an almost identical question in Holland v. State, 587 So.2d 848 (Miss.1991). Gerald James Holland was convicted of capital murder and sentenced to death for the brutal murder and rape of fifteen-year-old Krystal D. King. One of the statutory aggravating factors to justify the death sentence used by the State was whether Holland had previously been convicted of another capital offense or of a felony involving the use or threat of violence to the person, as stated in Mississippi Code Annotated section 99 — 19—101(5)(b) (Rev.2007). To prove this statutory aggra-vator, the State relied on Holland’s 1974 Texas criminal conviction for “raping a child.” The Holland court stated:
This may not constitute sufficient evidence of involvement of violence. This Court recognizes that, generally, rape is a crime inhering the element of violence. However, this Court also recognizes that consensual, non-violent intercourse with an individual under 18 years of age may constitute a violation of this and other states’ statutory-rape statute.
Although a trial court is not required to examine the underlying legal validity of the prior conviction, ... determining whether a defendant’s prior conviction was a felony involving the use or threat of violence requires that this state’s statutes be construed and applied. Where as here the conviction occurred in a sister state, this Court does not look to how that state characterizes the question of whether the crime was one of violence, rather, the analysis must be done under Mississippi law. For a conviction to qualify as predicate for an aggravating circumstance . under this state’s statutes, the conviction from the sister state must have been acquired under a statute which has as an element the use or threat of violence against the person or, by necessity, must involve conduct that is inherently violent or presents a serious potential risk of physical violence to another....
The State has this burden of proving beyond a reasonable doubt the existence *755 of each aggravating circumstance.... On retrial, the trial court should examine the evidentiary sufficiency of this aggravating circumstance.
Holland, 587 So.2d at 874. In other words, the Mississippi Supreme Court held that a judgment of conviction for “raping a child” is not sufficient proof that a crime was violent because the offense could have been statutory rape. The only logical interpretation of the supreme court’s decision in Holland is that statutory rape may or may not be a violent offense, depending on the underlying facts of the offense. Even so, the majority and the author of the concurring opinions conclude that Taylor committed a violent crime without any knowledge of the victim’s age, the statutory offense violated, nor any of the underlying facts of the crime of “sexual intercourse with an underage child.”
¶ 46. As for Taylor, because a new sentencing hearing on the same merits would give the State a “second bite at the apple” at a life sentence and would constitute double jeopardy, I would reverse and remand this case for the trial court to give Taylor a seven-year mandatory sentence in accordance with Mississippi Code Annotated section 99-19-81 (Rev.2007). See Ellis v. State, 520 So.2d 495, 496 (Miss.1988). Where, as here, the State presents no evidence of the underlying offense beyond its existence, I would find that is insufficient to conclude beyond a reasonable doubt that the offense was violent when the essential elements of that offense do not include proof of violence or the threat of violence. Because the majority finds that no such determination or proof is necessary, I respectfully dissent.
LEE, C.J., GRIFFIS, P.J., AND ISHEE, J., JOIN THIS OPINION.

. "Pen packs are the records maintained on inmates sentenced to the custody of die [MDOC].” Jasper v. State, 858 So.2d 149, 152 (¶ 11) (Miss.Ct.App.2003) (citing Russell v. State, 670 So.2d 816, 829 (Miss.1995)).

. The "sex with an underage child” could refer to our sexual-battery statutes set forth in Mississippi Code Annotated § 97-3-65 through -103 (Supp.2011). "Sexual penetration” includes "any penetration of the genital or anal openings of another person's body.” Miss.Code Ann. § 97-3-97(a) (Rev. 2006). However, the age restrictions and various penalties appear the same as for statutory rape.