# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00267-COA

EARNEST SYKES A/K/A ERNEST SYKES                                 APPELLANT

v.

STATE OF MISSISSIPPI                                             APPELLEE

DATE OF JUDGMENT:            01/25/2013
TRIAL JUDGE:                 HON. LEE J. HOWARD
COURT FROM WHICH APPEALED:   CLAY COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      EARNEST SYKES (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY:  LISA L. BLOUNT
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     MOTION FOR POST-CONVICTION RELIEF
                             DISMISSED
DISPOSITION:                 AFFIRMED: 10/07/2014
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE LEE, C.J., BARNES AND FAIR, JJ.

### BARNES, J., FOR THE COURT:

¶1.    Earnest Sykes, appearing pro se, appeals the Clay County Circuit Court's dismissal

of his motion for post-conviction relief (PCR).  Finding no error, we affirm.

### STATEMENT OF THE FACTS AND PROCEDURAL HISTORY

¶2.    In April 1993, Sykes pleaded guilty in the Clay County Circuit Court to the sale of

crack cocaine.  At the plea hearing, Sykes admitted to three prior convictions in Clay County

for burglary when he was nineteen years old.  Certified copies of the indictments and

sentencing orders were entered into evidence to prove Sykes was a habitual offender.  In

exchange for Sykes's guilty plea, the prosecution retired three other sale-of-a-controlled-substance charges pending against Sykes. The trial court sentenced Sykes to thirty years in the custody of the Mississippi Department of Corrections as a habitual offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007).

¶3.    In November 2012, Sykes filed his current PCR motion,[1] arguing the United States Supreme Court's decision of *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), is an intervening decision that excepts his PCR motion from the three-year time-bar. Specifically, Sykes argues that under *Bullcoming*, the State is required to produce testimony from the person who certified the documents used to prove his prior convictions for habitual-offender status. Since this testimony was not provided, Sykes claims his rights under the Federal Constitution's Sixth Amendment Confrontation Clause were violated and his sentence should be vacated. The trial court disagreed, ruling that *Bullcoming* was not an intervening decision, nor was it applicable on the merits. Sykes's PCR motion was dismissed as time-barred.

---

[1] In his PCR motion, Sykes claims that he has not previously filed any PCR motions in state or federal court for his current sentence and conviction. However, he has. In April 1996, Sykes filed a PCR motion challenging his guilty plea, which the trial court found was barred as a successive motion. *Sykes v. State*, 757 So. 2d 997, 998 (¶1) (Miss. 2000). Sykes appealed, and this Court held the motion was not a successive filing, but time-barred. *Id.* (citing *Sykes v. State*, No. 97-CA-00196-COA (Miss. Ct. App. Mar. 9, 1999)). On writ of certiorari, the Mississippi Supreme Court held that the action was timely and remanded for consideration on the merits. *Id.* at 1001 (¶15). On remand, the trial court denied the motion, and the supreme court affirmed. *See Sykes v. State*, 919 So. 2d 1064, 1065 (¶2) (Miss. Ct. App. 2005). In August 2003, Sykes filed yet another PCR motion, which the trial court dismissed for lack of jurisdiction due to Sykes's failure to request permission to file it with the supreme court. *Id.* at (¶3). This Court affirmed the trial court's dismissal, finding Sykes's motion was procedurally barred as a successive writ, time-barred, and the court lacked jurisdiction. *Id.* at 1066-67 (¶¶8, 11-12).

Sykes timely appealed.

## STANDARD OF REVIEW

¶4.     "In reviewing the trial court's dismissal of a motion for post-conviction relief, this Court will not disturb the trial court's factual findings unless they are found to be clearly erroneous." *Whatley v. State*, 123 So. 3d 461, 466 (¶6) (Miss. Ct. App. 2013) (citing *Williams v. State*, 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)). "Questions of law are reviewed de novo." *Id.*

## ANALYSIS

¶5.     Mississippi Code Annotated section 99-39-5(2) (Supp. 2014) provides that a PCR motion must be filed within three years after the judgment of conviction following a guilty plea. Section 99-39-5(2)(a)(i) states an exception to the time-bar is an intervening decision by the United States Supreme Court. Sykes's PCR motion was filed approximately nineteen years after he pleaded guilty.

¶6.     The trial court rejected Sykes's argument that the United States Supreme Court decision in *Bullcoming* was an intervening decision that would be an exception to the three-year time-bar for PCR motions. *Bullcoming*, relying on *Crawford v. Washington*, 541 U.S. 36 (2004), held that the defendant had a right to confront the analyst who certified his blood-alcohol-analysis report, because the report was testimonial under the Confrontation Clause. *Bullcoming*, 131 S. Ct. at 2713. Sykes argued that under *Bullcoming*, in order to admit certified copies of his previous convictions to prove his habitual-offender status, the State was required to call the person who compiled those records to testify as to their authenticity.

3

Since it did not, Sykes claimed his sentence and status as a habitual offender should be vacated.

¶7. However, *Bullcoming* did not address self-authenticating records of a defendant's prior convictions, as we have here, but a certified blood-alcohol laboratory report made by an analyst, used to prove a fact at a criminal trial. This blood-alcohol report would be testimonial in nature for purposes of the Confrontation Clause. *Id.* at 2717. Here, the certified documents used to prove Sykes's prior convictions were not testimonial, and thus *Bullcoming* does not apply.

¶8. The trial court aptly cited as instructive this Court's decision in *Frazier v. State*, 907 So. 2d 985 (Miss. Ct. App. 2005). *Frazier* held that the United States Supreme Court decision in *Crawford v. Washington*, 541 U.S. 36 (2004),[2] did not apply to self-authenticating documents such as certified public records under Mississippi Rule of Evidence 902(4). *Frazier*, 907 So. 2d at 998-99 (¶43). Specifically, the *Frazier* court noted that the custodian of the records who compiled the defendant's certified "pen-packs"[3] of prior convictions was not testifying against him. *Id.* at 997 (¶42). "No one from the State . . . testified that Frazier was a habitual offender"; the custodian only "swore that the documents were true and correct

---

[2]   *Crawford* held the Confrontation Clause bars admissibility of out-of-court testimony by an unavailable witness in a criminal trial to prove the truth of the matter asserted unless the defendant had a prior opportunity to cross-examine the witness about the statement. *Crawford*, 541 U.S. at 59.

[3]   "Pen packs are the records maintained on inmates sentenced to the custody of the Department of Corrections." *Jasper v. State*, 858 So. 2d 149, 152 (¶11) (Miss. Ct. App. 2003).

copies." *Id.* Therefore, the defendant "did not need to confront any one witness against him. . . ." *Id.* at 998 (¶43).

¶9.     In this case, the trial court noted that while *Frazier* applied *Crawford*, *Bullcoming* would not change *Frazier*'s outcome. We agree. Since the trial court's opinion, we have expressly held *Bullcoming* is not applicable to certified pen-packs for prior convictions in *Small v. State*, 141 So. 3d 61, 68-69 (¶¶22-25) (Miss. Ct. App. 2014), and *Vanwey v. State*, 2013-CP-00818-COA, 2014 WL 2058102, at *2 (¶¶10-11) (Miss. Ct. App. May 20, 2014). Accordingly, *Bullcoming* is not an intervening decision that would except Sykes from the time-bar; nor is it applicable to this case. Therefore, the circuit court did not err in dismissing Sykes's PCR motion.

¶10.    **THE JUDGMENT OF THE CLAY COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO CLAY COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL AND FAIR, JJ., CONCUR. JAMES, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION.**