On August 22, 1983, the appellant was convicted of the crime of receiving embezzled funds. He was sentenced to serve life imprisonment without eligibility of parole pursuant to Miss. Code Ann. § 99-19-83 (1972) (habitual offender statute). Huntley appeals assigning four errors, three of which merit discussion.
 STATEMENT OF FACTS
The appellant was charged with receiving embezzled funds, found guilty by a jury and sentenced to life imprisonment without eligibility of parole pursuant to Mississippi Code Annotated §99-19-83 (1972).
The following previous convictions of appellant were considered by the court: On August 21, 1979 appellant was found guilty of receiving stolen property and was sentenced to five (5) years in the Mississippi State Penitentiary. On September 26, 1973 appellant pled guilty to uttering a forgery and was sentenced to three (3) years which was suspended. He was placed on probation. Probation was revoked on October 22, 1974 at which time appellant was sentenced to three (3) years. On September 26, 1973 appellant pled guilty to the sale of controlled substance and received a three (3) year suspended sentence. He was placed on probation for three (3) years. On October 29, 1974 the appellant's probation was revoked and he was sentenced to three (3) years. On September 3, 1975 appellant pled guilty to a second count of armed robbery and was sentenced to three (3) years.
As a result of the aforementioned previous convictions the appellant was sentenced under Miss. Code Ann. § 99-19-83 (1972) which reads as follows: *Page 574 
 § 99-19-83. Sentencing of habitual criminals to life imprisonment.
 Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to and served separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.
During the sentencing phase the lower court judge stated:
 The Court finds and determines that the Defendant, Johnny Lee Huntley, has been twice previously convicted of felonies in this Court upon charges separately brought and arising out of separate incidents, at different times. That he has been sentenced to serve separate terms of one year or more in the Mississippi State Penitentiary and that at least one of the felonies, the record actually reflects two and the Court so finds it is two, have been crimes of violence.
 The record reflects that he served separate sentences of one year or more and I so find.
 I sentence you as an habitual criminal, previously determined to meet all the terms of § 99-19-83. I have no alternative in making that finding. So, I sentence you under that Act to a term of Life Imprisonment and the sentence shall not be reduced or suspended nor shall you be eligible for parole or probation. That will be the sentence of the Court.
 I. DID THE TRIAL COURT ERR IN SENTENCING THE APPELLANT UNDER MISSISSIPPI'S VIOLENT HABITUAL OFFENDER STATUTE, § 99-19-83 OF THE MISSISSIPPI CODE ANNOTATED, BECAUSE THE DEFENDANT HAD NOT SERVED SEPARATE TERMS OF ONE (1) YEAR OR MORE IN ANY STATE AND/OR FEDERAL PENAL INSTITUTION AS REQUIRED BY THE STATUTE?
The main issue presented by this appeal is whether or not a county jail is the equivalent of a state and/or federal penal institution under Miss. Code Ann. § 99-19-83. Huntley has served two separate terms in the state penal institution. The first term in Parchman exceeded one year. However, as to the second term, appellant began serving his sentence in the Harrison County Jail on July 12, 1979, was transferred to Parchman on June 23, 1981, and remained confined there until June 5, 1982. Huntley argues that since he did not serve a full year of his second sentence actually in Parchman, and as a county jail does not equate to a "state and/or federal penal institution," that he does not meet the criterion of § 99-19-83 so as to be convicted as a violent habitual offender.
In regard to Huntley's argument, we note that Miss. Code Ann. §47-5-112(1) (1972) provides in relevant part:
 (1) Any person committed, sentenced or otherwise placed under the custody of the department of corrections, or order of the sentencing court and subject to the other conditions of this section, may serve all or any part of his sentence in the county jail of the county wherein such person was convicted; . . . (emphasis added)
Further, the Prison Overcrowding Emergency Powers Act defines "prison system" as:
 The prisons operated by the Mississippi Department of Corrections and in those local or county jails or other facilities authorized to house state inmates.
(emphasis added)
Miss. Code Ann. § 47-5-703 (Supp. 1987).
In construing § 99-19-83, we are bound by our familiar rule that consideration is to be given to the purpose of the statute, the object to be accomplished and the intent of the Legislature in enacting it. Akers v. Johnson's Estate, 236 So.2d 437 (Miss. 1970). In light of the foregoing provisions, it would be utterly absurd for this Court to *Page 575 
reach any other conclusion than that the Legislature intended time spent in a local or county jail to count towards the term of imprisonment provided for in a sentence. Huntley's argument, consequently, is unsound, as is the assignment of error.
 II. WAS THE APPELLANT'S FUNDAMENTAL RIGHT UNDER THE SIXTH AMENDMENT OF THE UNITED STATES CONSTITUTION TO BE INFORMED OF THE NATURE AND CAUSE OF THE ACCUSATION AGAINST HIM VIOLATED BECAUSE MISS. CODE ANN. § 99-19-83 IS TOO VAGUE AND INDEFINITE TO MEET THE REQUIREMENTS OF DUE PROCESS?
Huntley argues that the terms "state and/or federal penal institution" as used in § 99-19-83 are vague and ambiguous so as not to inform him that he was being prosecuted as a habitual offender. The proper inquiry in determining if a statute meets the requirements of the Sixth Amendment in this context is whether it would inform a person of ordinary intelligence that his conduct is forbidden. United States v. Harris,347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1953). The underlying principle behind this test is that no man or woman shall be held criminally responsible for conduct which he or she could not reasonably understand to be proscribed. Id. Further, a penal statute must be sufficiently explicit so as to inform those subject to its mandates what conduct will be penalized. Lanzetta v. NewJersey, 306 U.S. 451, 453, 59 S.Ct. 618, 619, 83 L.Ed. 888 (1939).
Turning to the statute in question, § 99-19-83 is obviously drawn to punish as habitual offenders those persons who have been convicted of two prior felonies, one being a crime of violence, and who have served two separate sentences of one year or more in a state or federal penal institution. Any person of ordinary intelligence could contemplate the meaning of § 99-19-83. The assignment of error is without merit.
 III. WAS THE APPELLANT'S SENTENCE UNDER MISSISSIPPI CODE ANNOTATED § 99-19-83 CRUEL AND UNUSUAL TREATMENT IN VIOLATION OF THE EIGHTH AMENDMENT OF THE UNITED STATES CONSTITUTION?
Appellant argues that Mississippi's habitual criminal statutes fails the proportionality test as set forth in Solem v. Helm,463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) and applied by this Court in Jenkins v. State, 483 So.2d 1330 (Miss. 1986). In Solem, the United States Supreme Court set the standard for proportionality as follows:
 A court's proportionality analysis under the Eighth Amendment should be guided by objective criteria, including (i) the gravity of the offense and harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions.
463 U.S. at 291, 103 S.Ct. at 3010.
The Supreme Court also recognized the need for habitual offender statutes in Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980) stating:
 The purpose of the recidivist statute such as that involved here is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person's most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced to other crimes.
445 U.S. at 284, 100 S.Ct. at 1144-45.
This is not the first time that Mississippi's habitual offender statute has been challenged as cruel and unusual punishment. This Court has consistently held that sentences under Miss. Code Ann. § 99-19-83 do not constitute cruel and unusual punishment.Jackson v. State, *Page 576 483 So.2d 1353 (Miss. 1986); Adams v. State, 410 So.2d 1332 (Miss. 1982); Pace v. State, 407 So.2d 530 (Miss. 1981); Baker v.State, 394 So.2d 1376 (Miss. 1981); Hayden v. State,407 So.2d 535 (Miss. 1981); Bell v. State, 355 So.2d 1106 (Miss. 1978);White v. State, 374 So.2d 843 (1979). Consequently the assignment of error is without merit.
 CONCLUSION
The lower court did not err in sentencing the appellant under Miss. Code Ann. § 99-19-83. Therefore, its decision should be and is affirmed.
AFFIRMED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
GRIFFIN, J., not participating.