# IN THE SUPREME COURT OF MISSISSIPPI
## NO. 92-KA-00410-SCT

*RICKY DAVIS*

*v.*

*STATE OF MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 3/11/92 |
| TRIAL JUDGE: | HON. LARRY EUGENE ROBERTS |
| COURT FROM WHICH APPEALED: | CLARKE COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MARK HOWARD |
| ATTORNEYS FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL |
| | BY: JEAN SMITH VAUGHAN |
| DISTRICT ATTORNEY: | NA |
| NATURE OF THE CASE: | CRIMINAL - FELONY |
| DISPOSITION: | AFFIRMED - 9/12/96 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 10/3/96 |

**EN BANC.**

**McRAE, JUSTICE, FOR THE COURT:**

¶1. Ricky Davis was convicted of robbery and aggravated assault by a jury of the Clark County Circuit Court on march 2, 1992. He appeals the imposition of an enhanced life sentence pursuant to Miss. code Ann. § 99-19-83 and the denial of his motion for a new trial. Finding that the requirements of the habitual offender sentencing statute were met and that the circuit court did not abuse its discretion in refusing to admit defense testimony that was only collateral to the issues at bar, we affirm the decision of the circuit court.

I.

¶2. Late in the evening o December 22, 1990, Ricky Davis allegedly asked William Sanders for some money. Sanders refused, and Davis apparently threatened to kill him. Davis hit Sanders on the head with a gin bottle and started choking him in an effort to get the seventy dollars he had in his pocket. Davis then went into the kitchen, grabbed a dinner fork, held it to Sanders' throat and continued to threaten him. James Moss, who was also present, corroborated Sanders' version of the incident. Davis denied threatening Sanders with the fork, indicating that he would not have robbed someone for a mere seventy dollars. He testified, however, that he hit Sanders because he allegedly had sold

crack cocaine to Davis' sixteen-year-old cousin.

¶3. Sanders suffered a "scratch" on his head and fork marks on his neck. He did not seek medical treatment for his injuries, but a neighbor treated the wounds with an ice pack and Vaseline. Davis claimed that he sustained a cut behind his ear in the altercation.

¶4. Sanders reported the incident to the County Sheriff the next morning. Davis was then indicted by the grand jury on March 7, 1991, on one count of armed robbery and one count of aggravated assault. Based on Davis' two prior felony convictions for grand larceny and aggravated assault of a law enforcement officer, for which he served separate terms of at least one year in the custody of the Mississippi Department of corrections, the State sought an enhanced life sentence pursuant to Miss. Code Ann. § 99-19-83.

¶5. Davis was found guilty of simple robbery and aggravated assault by a jury of the Clarke County Circuit Court on march 2, 1992. He was sentenced to serve two concurrent life sentences in the custody of the Mississippi Department of Corrections, without reduction or suspension of the sentence or possibility of parole as required by Miss. Code Ann. § 99-19-83. The circuit court denied Davis' motion for a new trial on March 13, 1992.

## II.

¶6. Davis first asserts that the circuit court erred in not allowing the proffered testimony of Sylvester Stokes and Charlie Pickett. Stokes would have testified that Sanders had attempted to sell him crack cocaine earlier in the evening on December 22, 1990. Pickett would have testified that before the altercation between Davis and Sanders, Pickett had asked Sanders for some marijuana. The circuit court ruled that Stokes' testimony was not relevant to the truthfulness of Sanders' testimony that he did not sell drugs, that it would be more prejudicial than probative, and that it was collateral to the matters actually at issue. The circuit court further found that Pickett's testimony was irrelevant because Davis was not accused of taking drugs from Sanders at the time of the scuffle. Further, neither Stokes not Pickett would have testified regarding Sanders' alleged sale of cocaine to Davis' young cousin, which Davis claims led him to strike Sanders.

¶7. While the accused enjoys wide latitude in the presentation of witnesses, it is within the discretion of the trial judge to exclude proffered defense testimony, especially when it is collateral to the issues at hand. *Brent v. State*, 632 So. 2d 936, 944 (Miss. 1994). Moreover, "Rule 403 requires that the probative value not be outweighed by danger of unfair prejudice, confusion of the issues, or misleading the jury, and...Rule 611 bars harassment and undue embarrassment." *Id*. Because Sanders' alleged drug activity was, at best, collateral to the assault and robbery charges against Davis, and the proffered testimony would have served only to confuse or mislead the jury or cause undue prejudice. The circuit court, therefore, cannot be said to have abused his discretion in disallowing the proffered testimony.

## III.

¶8. Davis next complains that the circuit court erred in imposing two consecutive life sentences because the State failed to prove that he served two separate terms of one year of more in a state or federal prison. It should be noted that Davis was sentenced to serve his sentences concurrently, not

consecutively. The habitual offender statute, Miss. code Ann. § 99-19-83, provides as follows:

> Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, and where any one (1) of such felonies shall have been a crime of violence shall be sentenced to life imprisonment, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

¶9. At a bifurcated hearing, as required under the recidivist statutes, the State must prove the requirements set forth in the habitual offender statute beyond a reasonable doubt. *Bandy v. State*, 495 so. 2d 486, 491 (Miss. 1986); *Wilson v. State*, 395 So. 2d 957-960 (Miss. 1981)> Roy Williams, jail administrator for the Clarke County Sheriff's Office, testified that Davis was jailed on December 22, 1990. The State then offered Dell Wheeler, Davis' parole officer, who testified that Davis was incarcerated May 25, 1988, and paroled August 28, 1989, for an assault on a police officer. he also testified that Davis was incarcerated for a grand larceny conviction on June 25, 1984, and paroled on July 3, 1985. Davis' sentence computation records also were introduced into evidence. Davis' time served in a county jail is equivalent to time served in a state penitentiary under the habitual criminal statute. *Huntley v. State*, 524 So. 2d 572, 574-75 (Miss. 1988). The State therefore presented sufficient evidence that Davis was twice previously incarcerated for sentences, each in excess of one year.

¶10. Miss. Code Ann. § 99-19-83 imposes a life sentence upon habitual offenders when one or more of the prior felony convictions is for a crime of violence, as distinguished from § 99-19-81, which omits the "crimes of violence" language and provides for recidivist sentencing based on the maximum sentence for the crime committed. The record indicates that Davis previously was convicted of the aggravated assault of a law enforcement officer pursuant to Miss. Code Ann. § 97-3-7 by cutting a police officer with a butcher knife. While our statutes do not define "crimes of violence," this court has tagged aggravated assault as a crime of violence. *Bumphis v. State*, 405 so. 2d 116, 118 (Miss. 1981). Federal sentencing guidelines further define "crime of violence" as "any offense under federal or state law punishable by imprisonment for a term exceeding one year that -- (I) has as an element the use, attempted use, or threatened use of physical force against the person of another. . ." and include within that definition "murder, manslaughter, kidnaping, aggravated assault, forcible sex offenses, robbery, arson, extortion, extortionate extension of credit, and burglary of a dwelling." *United States v. Fry*, 51 F.3d 543 (5th Cir. 1995)(quoting U.S.S.G. § 4B1.2(1) and Application note 2 of the Commentary thereto). Thus Davis' prior Conviction for aggravated assault of a police officer properly brings him within the ambit of § 99-19-83.

IV.

¶11. There is no merit to Davis' assertions that the trial court abused its discretion in excluding certain testimony or that the Sate failed to meet its burden in showing that he was subject to the enhanced life sentence imposed upon him pursuant to Miss. Code Ann. § 99-19-83. Accordingly, we affirm the decision of the circuit court.

¶12. **COUNT 1: CONVICTION OF SIMPLE ROBBERY AND SENTENCE OF LIFE IN**

**THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. COUNT 2: CONVICTION OF AGGRAVATED ASSAULT AND SENTENCE OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS AFFIRMED. SENTENCE IN COUNT 2 SHALL RUN CONCURRENT TO SENTENCE IN COUNT 1. SENTENCE SHALL NOT BE REDUCED OR SUSPENDED AND HE SHALL NOT BE ELIGIBLE FOR PAROLE UNDER MISS. CODE ANN. § 99-19-83.**

**PRATHER AND SULLIVAN, P.JJ., PITTMAN, BANKS, ROBERTS AND SMITH, JJ., CONCUR. LEE, C.J., AND MILLS, J., CONCUR IN RESULTS ONLY.**