MAXWELL, J„
 

 for the Court:
 

 ¶ 1. Donald Mark Edwards appeals his life sentence. A jury convicted him of possession of oxycodone and acetaminophen. Finding Edwards had been convicted of three prior felonies, two for simple assault on police officers, the circuit court followed the mandate of Mississippi Code Annotated section 99-19-83 (Rev.2007) and sentenced Edwards to life imprisonment without eligibility for parole or probation. Because we find Edwards’s life sentence was neither obtained by improper procedure nor grossly disproportionate, we affirm.
 

 FACTS AND TRIAL PROCEEDINGS
 

 ¶ 2. On August 18, 2008, a deputy sheriff pulled into Edwards’s driveway to serve a warrant. Edwards, who was in the driveway changing a tire, immediately ran toward the nearby woods. While fleeing, Edwards dropped a plastic bag containing pills. The Mississippi Crime Laboratory verified the bag contained ninety-six dosing units of Endocet, a pain reliever containing a mixture of oxycodone and acetaminophen.
 

 ¶ 3. A Perry County grand jury charged Edwards with possessing more than forty dosing units of oxycodone and acetaminophen, a Schedule II controlled substance.
 
 See
 
 Miss.Code Ann. §§ 41-29-115(A)(a)(l)(xiii) (Rev.2009) (listing oxyco-done as a Schedule II controlled substance), -139(c)(1) (Supp.2011) (penalizing illegal possession of Schedule II controlled substances). The indictment notified Edwards of the State’s intent to seek enhanced punishment based on his status as a habitual offender under Mississippi Code Annotated section 99-19-83. The indictment listed four previous felony convictions: (1) simple assault on a police officer in 1992, (2) uttering a forgery in 1996, (3) simple assault on a police officer in 2004, and (4) grand larceny in 2004. For each of these felonies, Edwards served more than one year in prison.
 

 ¶ 4. At the close of trial, the jury found Edwards guilty of the possession charge. The circuit judge then sent the jury out of the courtroom. At this point, he asked the State to present evidence on Edwards’s prior felony convictions. The State offered the “pen packs”
 
 [1]
 
 on the two simple-assault convictions and the grand-larceny conviction. The prosecutor also noted the amount of time served for each conviction. Edwards made no objection. The circuit judge found Edwards to be a habitual offender under section 99-19-83 and sentenced Edwards to life without eligibility for parole or probation.
 

 DISCUSSION
 

 ¶ 5. Edwards appeals his sentence only. He does not challenge the possession conviction. He claims his rights were violated by (1) the circuit court’s failure to provide a separate, meaningful hearing on his habitual-offender status and (2) the circuit
 
 *76
 
 court’s imposition of a grossly disproportionate sentence.
 

 I. Habitual-offender Hearing
 

 ¶ 6. “In cases involving enhanced punishment for subsequent offenses under state statutes: ... If the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions.” URCCC 11.03.
 
 See Nathan v. State,
 
 552 So.2d 99, 106 (Miss.1989) (“When habitual offender status is alleged and where the accused goes to trial, the trial court must hold a separate hearing without a jury to determine whether habitual status should be imposed”).
 

 ¶ 7. Edwards alleges his habitual-offender status hearing was not truly separate because the jury had not been officially dismissed by the court. But the record shows, after the jury announced its verdict, the circuit judge instructed the jury to leave the courtroom. He then proceeded to consider Edwards’s previous felonies “without a jury.” We find the circuit judge’s actions not only fulfilled the letter of Rule 11.03’s separate-hearing requirement but also its purpose—to keep the jury from hearing evidence of the previous felonies, so as not to influence its verdict on the present charge.
 
 Keyes v. State,
 
 549 So.2d 949, 951 (Miss.1989) (explaining “the reason for a separate hearing is to preclude jury knowledge of prior convictions, except as otherwise admissible”);
 
 see also
 
 M.R.E. 404(b).
 

 ¶ 8. Edwards’s indictment gave notice of the State’s intent to seek an enhanced sentence and listed the predicate felonies it intended to prove. And during sentencing, the State established through the pen packs that Edwards had served separate sentences of over a year imprisonment on at least three different felonies.
 
 Frazier v. State,
 
 907 So.2d 985, 991 (¶ 16) (Miss.Ct.App.2005). Two of the felonies were for simple assault of a police officer, which this court has deemed a crime of violence.
 
 Cook v. State,
 
 910 So.2d 745, 746 (¶ 3) (Miss.Ct.App.2005). We find the circuit judge’s separate consideration of the qualifying felonies proper and note that at no point did Edwards’s counsel move for a continuance or object to the State’s evidence.
 
 See Roach v. State,
 
 938 So.2d 863, 870 (¶ 21) (Miss.Ct.App.2006) (finding defendant was properly sentenced as a habitual offender because the trial court held a separate hearing after jury was excused where evidence was presented of prior felonies, to which defendant did not object);
 
 Crouch v. State,
 
 826 So.2d 772, 775-76 (¶ 4) (Miss.Ct.App.2002) (finding the requirements for habitual-offender sentencing had been satisfied because the defendant was properly indicted as a habitual offender and had ample opportunity to challenge State’s evidence of prior convictions).
 

 ¶ 9. To impose an enhanced sentence as a habitual offender, “[a]ll that is required is that the accused be properly indicted as a[ ] habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecution’s proof.”
 
 Keyes,
 
 549 So.2d at 951 (internal citations omitted). We find these requirements were met and that the circuit judge correctly sentenced Edwards as a habitual offender.
 

 II. Life Sentence
 

 ¶ 10. Edwards next argues his life sentence was grossly disproportionate to his crime. Edwards raises the question of disproportionality only in terms of his possession conviction. He suggests his life sentence is unduly harsh because: (1) the controlled-substance-possession statute he violated, Mississippi Code Annotated sec
 
 *77
 
 tion 41-29-139(c)(l)(E), carries a statutory penalty of ten to thirty years’ imprisonment for the type and amount of drugs he possessed; and (2) he has no prior drug convictions.
 

 ¶ 11. But the circuit judge sentenced Edwards under section 99-19-83, not section 41-29-139. This statute mandates a life sentence if the statutory requirements have been met irrespective of the statutory penalty for the present felony. Miss.Code Ann. § 99-19-83. Unlike the more specific habitual dray-offender statute, Mississippi Code Annotated section 41-29-147 (Rev.2009), the general habitual-offender statute, section 99-19-83, does not require that the prior felonies be drug related — or related to the present conviction.
 
 Compare
 
 Miss.Code Ann. § 41-29-147
 
 with
 
 § 99-19-83. Instead, “[section] 99-19-83 is obviously drawn to punish as habitual offenders those persons who have been convicted of two prior felonies, one being a crime of violence, and who have served two separate sentences of one year or more in a state or federal penal institution.”
 
 Huntley v. State,
 
 524 So.2d 572, 575 (Miss.1988).
 

 ¶ 12. Edwards describes his life sentence as vindictive and pursued merely because the county prosecutors wanted to “get rid of’ him. But the Mississippi Supreme Court, addressing section 99-19-83, has stated:
 

 The purpose of the recidivist statute such as that involved here is not to simplify the task of prosecutors, judges, or juries. Its primary goals are to deter repeat offenders and, at some point in the life of one who repeatedly commits criminal offenses serious enough to be punished as felonies, to segregate that person from the rest of society for an extended period of time. This segregation and its duration are based not merely on that person’s most recent offense but also on the propensities he has demonstrated over a period of time during which he has been convicted of and sentenced to other crimes.
 

 Huntley,
 
 524 So.2d at 575 (quoting
 
 Rummel v. Estelle,
 
 445 U.S. 263, 284, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980)).
 

 ¶ 13. We find no evidence in the record of improper motives in applying section 99-19-83. Edwards neither challenges the qualifying nature of any of the charged predicate offenses, nor does he otherwise contest he met the statute’s criteria. And the Mississippi Supreme Court and this court have repeatedly affirmed the constitutionality of life sentences under this statute.
 
 E.g., Huntley,
 
 524 So.2d at 575 (holding section 99-19-83’s life-sentence penalty does not fail the proportionality test in
 
 Solem v. Helm,
 
 463 U.S. 277, 291, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983) and is not cruel and unusual punishment);
 
 Bonner v. State,
 
 962 So.2d 606, 611(20) (Miss.Ct.App.2006) (finding imposition of life sentence under section 99-19-83, based on gravity of current and predicate offenses, “does not give rise to an inference of gross disproportionality”).
 

 ¶ 14. We affirm the circuit court’s application of this statute to sentence Edwards as a habitual offender to life imprisonment without the benefit or eligibility for parole or probation.
 

 ¶ 15. THE JUDGMENT OF THE PERRY COUNTY CIRCUIT COURT OF CONVICTION OF POSSESSION OF MORE THAN FORTY DOSAGE UNITS OF OXYCODONE AND ACETAMINOPHEN, A SCHEDULE II CONTROLLED SUBSTANCE, AND SENTENCE AS A HABITUAL OFFENDER OF LIFE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, WITHOUT ELIGIBILITY FOR PAROLE OR PROBATION,
 
 *78
 
 IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON AND RUSSELL, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT. MYERS, J., NOT PARTICIPATING.
 

 [1]
 

 . "Pen packs,” or penitentiary packages, "are the records maintained on inmates sentenced to the custody of the Department of Corrections.”
 
 Jasper v. State,
 
 858 So.2d 149, 152(11) (Miss.Ct.App.2003);
 
 see Russell v. State,
 
 670 So.2d 816, 829 (Miss.1995) (describing types of documents contained in pen packs, including sentence computation record);
 
 Frazier v. State,
 
 907 So.2d 985, 991—92(13-18) (Miss.Ct.App.2005) (finding "pen packs” were sufficient evidence of prior convictions and corresponding sentencing to prove defendant was a statutory habitual offender).