IRVING, P.J.,
for the Court.
¶ 1. Alisha Vanwey appeals from the judgment of the DeSoto County Circuit Court dismissing her motion for post-conviction collateral relief (PCR). She argues that the court erred in denying her PCR motion because the State failed to introduce testimony from the witness who certified the documents that were used to prove her prior convictions for establishing habitual-offender status.
¶ 2. Finding no error, we affirm,
FACTS
¶ 3. In March 2007, a DeSoto County grand jury indicted Vanwey, as a habitual offender, on four counts of the sale of *369 hydrocodone within 1,500 feet of a park, and on one count of conspiracy to sell a controlled substance. On May 29, 2007, pursuant to a plea agreement with the State, Vanwey entered guilty pleas to three counts of selling hydrocodone. The circuit court deferred sentencing until a later date.
¶ 4. On August 15, 2007, Vanwey filed a motion to set aside her guilty pleas. After a hearing, the circuit court denied the motion. On September 17, 2007, the court sentenced Vanwey, as a habitual offender, to three concurrent eleven-year sentences on the three counts and remanded to the files the other two counts contained in the indictment.
¶ 5. In March 2008, Vanwey filed a PCR motion, which the circuit court denied. Vanwey appealed, and this Court affirmed the circuit court’s judgment. Vanwey v. State, 55 So.3d 1133, 1139 (¶ 15) (Miss.Ct.App.2011). Vanwey submitted another PCR motion in October 2011, which the circuit court denied as time-barred and successive-writ barred. Van-wey appealed, and while the appeal was pending on this Court’s docket, Vanwey filed yet another PCR motion in December 2012, alleging that an intervening decision from the United States Supreme Court requires the State to produce testimony from the person who certified the documents used to prove her prior convictions for habitual-offender status. This Court affirmed the circuit court’s judgment denying Vanwey’s October 2011 PCR motion. Vanwey v. State, 2012-CP-00668-COA, — So.3d —, —, 2013 WL 4055366, at *4 (¶ 16) (Miss.Ct.App. Aug. 13, 2013).
¶ 6. In April 2013, the circuit court entered an order finding that Vanwey’s December 2012 PCR motion was successive-writ barred, barred by the applicable statute of limitations, and had no merit. Vanwey’s current appeal emanates from this order.
¶ 7. Additional facts, as necessary, will be related in the analysis and discussion of the issue.
ANALYSIS AND DISCUSSION OF THE ISSUE
¶8. “We review a circuit court’s denial of a PCR motion under a clearly-erroneous standard of review.” McLaurin v. State, 114 So.3d 811, 813 (¶ 4) (Miss.Ct.App.2013) (citing Holloway v. State, 31 So.3d 656, 657 (¶5) (Miss.Ct.App.2010)).
¶ 9. The Uniform Post-Conviction Collateral Relief Act provides:
[A]ny order dismissing the petitioner’s (PCR] motion or otherwise denying relief under this article is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive'motion under this article.... [E]x-cepted from this prohibition are those cases in which the petitioner can demonstrate ... that there has been an intervening decision of the Supreme Court of either the State of Mississippi or the United States which would have actually adversely affected the outcome of his conviction or sentence^]
Miss.Code Ann. § 99-39-23(6) (Supp. 2013). Vanwey has filed two prior PCR motions, both of which were denied by the circuit court, and the denials were affirmed by this Court. Additionally, as noted, Vanwey was convicted on May 29, 2007, and sentenced on September 17, 2007. She did not file the PCR motion at issue until December 2012, outside of the prescribed three-year statute of limitations provided in Mississippi Code Annotated section 99-39-5(2) (Supp.2013). Therefore, the circuit court did not err in determining that Vanwey’s December 2012 PCR motion is successive-writ barred and *370 time-barred. Although these procedural bars have exceptions, Vanwey has not shown that she has met any of these exceptions.
¶ 10. Vanwey argues that Bullcoming v. New Mexico, — U.S. —, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011), is an intervening Supreme Court decision, and based on its holding, the documents used to prove her prior convictions for her habitual-offender status are testimonial. Therefore, Vanwey claims, the State’s failure to introduce testimony from the witness who certified the documents deprived her of her right to confrontation and invalidated the enhanced portion of her sentence. A document is testimonial when it is created for the sole purpose of the State’s use as evidence against the defendant. Grim v. State, 102 So.3d 1073, 1078 (¶ 12) (Miss.2012). The certificate on the documents showing Vanwey’s prior crimes “indicates that the custodian of the records swore that the documents were true and correct copies, not that [Vanwey] actually committed any act.” Frazier v. State, 907 So.2d 985, 997 (1142) (Miss.Ct.App.2005). We have held that self-authenticating records of a defendant’s prior convictions are not testimonial evidence, and do not trigger a defendant’s constitutional right to confront witnesses. Id. at 996 (¶ 36).
¶ 11. Bullcoming does not address self-authenticating records of a defendant’s prior convictions. In fact, Bullcoming addresses a forensic laboratory report made by an analyst and used to prove a fact at a criminal trial. Clearly, the report was testimonial in nature. Bullcoming, 131 S.Ct. at 2717. The certified documents used to prove Vanwey’s prior convictions are not testimonial, and the holding in Bullcoming does not change that. Therefore, Bull-coming is not an intervening decision that excepts Vanwey’s PCR motion from the procedural bars. Accordingly, the circuit court did not err in dismissing Vanwey’s PCR motion.
¶ 12. THE JUDGMENT OF THE DE-SOTO COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.