BARNES, J.,
for the Court:
¶ 1. Frederick Small was convicted in DeSoto County Circuit Court on his guilty plea to burglary of a dwelling and was sentenced on February 2, 2010, as a habitual offender. The judgment was filed on February 11, 2010. Small’s motion for post-conviction relief (PCR), dated February 12, 2013, was filed of record on February 13, 2013. The circuit court dismissed the motion, both as time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp.2013), and as substantively without merit.
¶ 2. Small has appealed the circuit court’s order of dismissal. Finding no error, we affirm.
FACTS AND PROCEDURAL HISTORY
¶ 3. Small was indicted on November 14, 2008, for conspiracy to commit burglary of a dwelling in violation of Mississippi Code Annotated section 97-1-1 (a) (Rev. 2006), burglary of a dwelling in violation of Mississippi Code Annotated section 97-17-23 (Rev.2006), and attempted larceny in violation of Mississippi Code Annotated section 97-1-7 (Rev.2006).
¶ 4. On April 29, 2009, the State filed a motion to amend the indictment to reflect Small’s habitual-offender status under Mississippi Code Annotated section 99-19-81 (Rev.2007). Although defense counsel objected to the motion’s timeliness, no objection was made to the proof of the prior convictions. The circuit court granted the motion after a hearing on June 3, 2009, and the indictment was amended to reflect Small’s prior convictions for: (1) burglary of a dwelling in cause number CR 2001-35BT in the Circuit Court of Tate County, Mississippi, with a sentence imposed on June 6, 2001, of twelve years to serve, and five years of post-release supervision, and (2) burglary of a dwelling in cause number CR 2001-25BP1 in the Circuit Court of Panola County, Mississippi, with a sentence imposed on September 10, 2001, of twelve years to serve, and five years of post-release supervision.[1]
¶ 5. As a result of a plea bargain, Small pleaded guilty to the burglary charge as a habitual offender on August 5, 2009, in exchange for a recommendation of a sentence with a cap of eighteen years.[2] In the petition to enter a guilty plea, signed by Small, he admitted to the two prior convictions and that they subjected him to sentencing as a habitual offender. He further attested at the guilty-plea hearing that everything in his petition was true and correct. The circuit judge asked Small if he understood that he was “pleading as a 99-19-81 habitual offender”; Small said that he understood. The judge then asked if Small had any objection, and Small said, “No, sir.”
¶ 6. However, on September 28, 2009, Small filed a pro se motion to withdraw his guilty plea and to discharge his counsel. On January 27, 2010, Small filed a pro se motion to discontinue sentencing, dismiss counsel, and dismiss the pending charges. The circuit court took up the motions at the beginning of Small’s sentencing hearing on February 2, 2010, and denied them. Prior to the circuit court’s imposition of Small’s sentence, the State moved to incorporate into the record the documents from the hearing on the motion *65 to amend the indictment concerning the two prior felony convictions. The circuit court asked if the defense had any objections, and there were none. After making the prior convictions part of the record, the circuit court sentenced Small, consistently with the plea agreement, to eighteen years in the custody of the Mississippi Department of Corrections as a habitual offender, to be followed by seven years of post-release supervision with four years of non-reporting supervision. The judgment was filed on February 11, 2010.[3]
STANDARD OF REVIEW
¶ 7. A circuit court’s dismissal of a PCR motion will not be disturbed on appeal “unless it is clearly erroneous.” Holder v. State, 69 So.3d 54, 55 (¶ 4) (Miss.Ct.App.2011) (citing Williams v. State, 872 So.2d 711, 712 (¶ 2) (Miss.Ct.App.2004)). We review issues of law de novo. Id. To be successful on appeal, the movant must: “(1) make a substantial showing of the denial of a state or federal right and (2) show that the claim is procedurally alive.” Buckley v. State, 119 So.3d 1171, 1173 (¶ 3) (Miss.Ct.App.2013) (citing Young v. State, 731 So.2d 1120, 1122 (¶ 9) (Miss.1999)).
JURISDICTION
¶ 8. We first must consider our jurisdiction over this appeal. Small filed a PCR motion on February 13, 2013. The circuit court dismissed the motion on May 10, 2013. However, Small did not file his notice of appeal until June 14, 2013. Consequently, Small’s appeal may not have been timely, as it was not filed within thirty days of the circuit court’s judgment, as required by Mississippi Rule of Appellate Procedure 4(a). However, “[t]he prison-mailbox rule states that in pro se post-conviction relief proceedings, the prisoner’s motion is considered delivered for filing when the prisoner gives the documents to prison officials for mailing.” Lott v. State, 115 So.3d 903, 907 (¶ 10) (Miss.Ct.App.2013) (citing Sykes v. State, 757 So.2d 997, 1000-01 (¶ 14) (Miss.2000)).
¶ 9. Small’s notice-of-appeal form is not dated, except for the circuit court’s file stamp of June 14, 2013. His contemporaneously filed affidavit of poverty and certificate of compliance, however, were both dated June 6, 2013, within the thirty-day deadline. Although the record does not indicate when Small delivered his documents to prison officials for mailing, his notice of appeal was received by the circuit court only four days late. Therefore, since it is not unlikely that the documents were delivered to prison authorities within the time frame allowed by Rule 4(a), we exercise our discretion under Mississippi Rule of Appellate Procedure 2(c) to suspend the thirty-day requirement to the extent Small’s filing may have been untimely.[4] See Whatley v. State, 123 So.3d 461, 466 (¶ 9) (Miss.Ct.App.2013) (applying Rule 2(c) to excuse possible late filing where stamp-filed notice of appeal was five days late but contemporaneously filed documents were dated within the deadline); Campbell v. State, 126 So.3d 61, 64 (¶ 7) (Miss.Ct.App.2013) (possibly one day late filing excused under Rule 2(c)). Accordingly, we find jurisdiction proper and address the appeal on the merits.
*66 DISCUSSION
¶ 10. In this appeal, Small argues: (1) his motion is not time-barred because procedural bars do not apply to illegal sentences; (2) his habitual-offender sentence was illegal because there was no bifurcated hearing and the amended indictment listed only dates of sentence and not dates of conviction for his prior convictions; (3) he was denied the right to confront the authors of the indictments and judgments of conviction contained in his prison file (pen-pack); and (4) the cumulative effect of the errors constituted a constitutional deprivation.
1. Procedural Bar to the PCR Motion
¶ 11. Under the Mississippi Uniform Post-Conviction Collateral Relief Act (UP-CCRA), where a petitioner has pleaded guilty, a PCR motion must be filed within three years after entry of the judgment of conviction. Miss.Code Ann. § 99-39-5(2).
¶ 12. Small acknowledges that his PCR motion, dated February 12, 2013, and filed February 13, 2013, was filed more than three years after his sentencing and the court’s judgment.[5] Small does not claim that the prison-mailbox rule applies, since the motion itself is dated after the three-year deadline. Rather, citing Rowland v. State, 42 So.3d 503, 506-08 (¶¶ 7-12) (Miss.2010), he claims that the procedural bar is inapplicable, as his claim involves a violation affecting his fundamental constitutional rights.
¶ 13. The right to be free from an illegal sentence is probably the most frequently recognized of these exceptions. See Jones v. State, 119 So.3d 323, 326 (¶ 6) (Miss.2013). Ordinarily an illegal sentence in this context is one that “does not conform to the applicable penalty statute.” Foreman v. State, 51 So.3d 957, 962 n. 22 (Miss.2011) (internal quotations omitted).
¶ 14. If Small’s habitual-offender sentence was illegal, then the circuit court would have improperly applied the three-year procedural time-bar. As we discuss hereafter, however, the sentence was not illegal, and the bar was properly applied in this case.[6]
II. Illegal Habitual-Offender Sentence
¶ 15. Small claims that his habitual-offender sentence is illegal because he was not given a separate hearing as required by Uniform Rule of Circuit and County Court 11.03 to challenge his prior convictions and because there was proof only of the dates he was sentenced and not the dates he was convicted.
A. Lack of Bifurcated Hearing
¶ 16. Rule 11.03(3) provides: “If the defendant ... enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions.” Small claims that his constitutional rights were violated because he was not given a separate bifurcated hearing to establish his status as a habitual offender.
¶ 17. The Legislature, in enacting section 99-19-81, has determined that enhanced punishment is appropriate for repeat offenders. The purpose of Rule 11.03 is to ensure that a jury, before decid *67 ing a defendant’s guilt or innocence, is not informed of the defendant’s prior criminal record so as not to be improperly influenced in its verdict. See Edwards v. State, 75 So.3d 73, 76 (¶ 7) (Miss.Ct.App.2011). Only after guilt is established does the prior criminal record become relevant. The purpose of Rule 11.03(3) is to give the defendant an opportunity to challenge the fact of his prior convictions in a setting separate from the guilt-determination phase. Where a defendant freely admits those prior convictions, the purpose of Rule 11.03 has been met.
Generally, to sentence a defendant as a habitual offender, the State must prove the prior offenses by competent evidence, and the defendant must be given a reasonable opportunity to challenge the prosecution’s proof. However, where the defendant enters a plea of guilty and admits those facts which establish his habitual status, the State has met its burden of proof.
Wilkins v. State, 57 So.3d 19, 26 (¶ 23) (Miss.Ct.App.2010) (emphasis added and internal citations omitted). “[A] petitioner’s status as a habitual offender can be established at the entry of a guilty plea, making it unnecessary to have a separate bifurcated hearing.” Loden v. State, 58 So.3d 27, 29 (¶ 8) (Miss.Ct.App.2011) (citing Keyes v. State, 549 So.2d 949, 951 (Miss.1989)).
¶ 18. Consequently, no separate hearing on Small’s habitual-offender status was required. Even if a separate hearing were considered mandatory, we find that both the guilty-plea hearing and the sentencing hearing gave Small an opportunity to object to the fact of his prior convictions. There is no merit to Small’s argument.
B. Dates of Conviction Versus Dates of Sentence
¶ 19. Small argues that the indictment showed the dates he was sentenced, but not the dates he was adjudged guilty. As a result, he claims that there was no proof of his prior convictions, and he should not have been sentenced as a habitual offender. Rule 11.03(1) provides in pertinent part: “The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment.”
¶ 20. As to the proof of his prior convictions, the State’s motion to amend the indictment clearly stated the offenses, cause numbers, dates that sentences were imposed, and the terms of the sentences imposed for Small’s prior convictions. Certified copies of the indictments and sentencing orders were submitted into the record at the hearing to amend the indictment and incorporated into the sentencing-hearing record. Further, Small negotiated for a guilty plea as a habitual offender and a recommended sentence with a cap of eighteen years. He did not object to the introduction of the certified copies of the documents relating to the prior convictions at the hearing on amending the indictment or at his sentencing hearing.
¶ 21. This was sufficient to provide notice to Small of the prior crimes used to charge him as a habitual offender and an opportunity to challenge them. In Benson v. State, 551 So.2d 188 (Miss.1989), the Mississippi Supreme Court held that the failure of an indictment to list the date of conviction was not fatal. The court noted:
While it is correct that the date of the judgment is not specifically stated in the indictment, all of the information that is contained, and specifically the cause number, afforded the defendant access to the date of the judgment. This Court holds that information pertaining to the date of the judgment was substantially set forth in the indictment and that suf- *68 fícient information was afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment to comply with due process. The purpose of the above rule is fulfilled....
Id. at 196; see also Hill v. State, 132 So.3d 1069, 1072-73 (¶¶ 9-11) (Miss.Ct.App.2014) (central concern is not technical pleading, but sufficiency of the notice); Hills v. State, 101 So.3d 691, 693 (¶ 7) (Miss.Ct.App.2012) (Notice of the nature of the crimes, the cause numbers, the sentencing dates, and the length of the sentence was “more than sufficient to put [the defendant] on notice of the prior crimes used to charge him as a habitual offender.”). This issue is without merit.
III. Confrontation Regarding Pen-Pack Documents
¶22. Small complains that the records were introduced through his prison file (pen pack) and that this procedure denied him his constitutional right to confront and challenge the accuracy of the records. This issue was waived by Small’s failure to object (and actually agreeing) to the introduction of the documents before the circuit court. See Walker v. State, 913 So.2d 198, 217 (¶49) (Miss.2005) (“Failure to raise an issue at trial bars consideration on an appellate level”).
¶ 23. Even if the issue was not waived, it is without merit. In Grim v. State, 102 So.3d 1073 (Miss.2012), our supreme court set out the parameters of the right to confrontation:
The Sixth Amendment to the United States Constitution and Article 3, Section 26 of the Mississippi Constitution guarantee a criminal defendant the right to confront and cross-examine the witnesses against him. U.S. Const, amend. VI; Miss. Const, art. 3, § 26 (1890). The United States Supreme Court has held that the Sixth Amendment Confrontation Clause bars the admission of “testimonial statements” made by a witness who does not appear at trial, unless the witness is unavailable and the defendant had a prior opportunity to cross-examine him. Crawford v. Washington], 541 U.S. 36, 53-54, 59, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004). Though no exhaustive list defining testimonial statements exists, “a document created solely for an ‘evidentiary purpose’ ranks as testimonial.” Bullcoming v. [New Mexico ], — U.S. -, 131 S.Ct. 2705, 2717, 180 L.Ed.2d 610 (2011) (quoting Melendez-Diaz v. Mass[achussetts ], 557 U.S. 305, 129 S.Ct. 2527, 174 L.Ed.2d 314 (2009)).
Grim, 102 So.3d at 1078 (¶ 12) (parallel citations omitted).
¶ 24. The fatal flaw in Small’s argument is that the certified copies of the indictments and sentencing orders, of which he complains, are not documents created solely for an evidentiary purpose. They were created for the administrative purpose of tracking criminal proceedings, quite different, for example, from laboratory reports declaring blood-alcohol content or a substance to be cocaine. We recently addressed this precise issue in Vanwey v. State, 2013-CP-00818-COA, — So.3d -, 2014 WL 2058102 (Miss.Ct.App. May 20, 2014):
Vanwey argues that Bullcoming v. New Mexico, — U.S. -, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011), is an intervening Supreme Court decision, and based on its holding, the documents used to prove her prior convictions for her habitual-offender status are testimonial. Therefore, Vanwey claims, the State’s failure to introduce testimony from the witness who certified the documents deprived her of her right to confrontation and invalidated the enhanced portion of her *69 sentence. A document is testimonial when it is created for the sole purpose of the State’s use as evidence against the defendant. Grim v. State, 102 So.3d 1073, 1078 (¶ 12) (Miss.2012). The cer-tifícate on the documents showing Van-wey’s prior crimes “indicates that the custodian of the records swore that the documents were true and correct copies, not that [Vanwey] actually committed any act.” Frazier v. State, 907 So.2d 985, 997 (¶ 42) (Miss.Ct.App.2005). We have held that self-authenticating records of a defendant’s prior convictions are not testimonial evidence, and do not trigger a defendant’s constitutional right to confront witnesses. Id. at 996 (¶ 36). Bullcoming does not address self-authenticating records of a defendant’s pri- or convictions. In fact, Bullcoming addresses a forensic laboratory report made by an analyst and used to prove a fact at a criminal trial. Clearly, the report was testimonial in nature. Bullcoming, 131 S.Ct. at 2717. The certified documents used to prove Vanwey’s prior convictions are not testimonial, and the holding in Bullcoming does not change that. Therefore, Bullcoming is not an intervening decision that excepts Van-wey’s PCR motion from the procedural bars.
Vanwey, — So.3d at -, 2014 WL 2058102, at *2 (¶¶ 10-11) (parallel citations omitted).
¶ 25. For the reasons expressed in Vanwey, we find Small’s complaint is without merit.
IV. Cumulative Error
¶ 26. Small listed “cumulative error” as an issue in his brief, but presents no argument concerning it. It is well-settled law that “if an appellant fails to support her allegation of error with argument or authority, this Court need not consider the issue.” Jordan v. State, 995 So.2d 94, 103 (¶ 14) (Miss.2008) (citations omitted). Small’s failure to cite any legal authority or evidence in the record to support his assignment of cumulative error constitutes a waiver of this issue. In any event, since there was no individual error, there can be no relief granted for cumulative error. See Harding v. State, 17 So.3d 1129, 1133 (¶ 13) (Miss.Ct.App.2009). We have found that the circuit court committed no error in dismissing Small’s PCR motion; therefore there can be no cumulative error. This issue is without merit.
¶ 27. Finding no error, we affirm the circuit court’s dismissal of Small’s PCR motion.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.

. At the hearing, the State offered certified copies of the indictments and sentencing orders in those two cases. The defense counsel stated, in Small's presence, that they were aware of the convictions and had no objection to their being admitted as exhibits at the hearing.

. The other two counts were remanded to the file.

. Small appealed the denial of his motions. On appeal, he added challenges to his sentence. Since it was a direct appeal and Small pleaded guilty, this Court dismissed the appeal without prejudice for lack of appellate jurisdiction. See Small v. State, 81 So.3d 1179, 1181 (¶10) (Miss.Ct.App.2011); Miss.Code Ann. § 99-35-101 (Supp.2013) (prohibiting a direct appeal upon entry of a guilty plea).

. Rule 2(c) allows for suspension of the appellate rules in the interests of justice.

. The judgment was pronounced on February 2, 2010, and filed on February 11, 2010.

. Small also argues that the decision in Bullcoming v. New Mexico, - U.S. -, 131 S.Ct. 2705, 180 L.Ed.2d 610 (2011), constitutes a recent intervening decision making his sentence illegal, thus surmounting the procedural bar pursuant to section 99-39-5(2)(a)(i). For reasons set out hereafter, we find that Bullcoming has no application to the issues raised by Small.