## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00806-COA

ROSA WALLACE                                                                     APPELLANT

v.

STATE OF MISSISSIPPI                                                              APPELLEE

DATE OF JUDGMENT:            05/20/2014
TRIAL JUDGE:                 HON. ROBERT P. CHAMBERLIN
COURT FROM WHICH APPEALED:   DESOTO COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      ROSA WALLACE (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: BARBARA WAKELAND BYRD
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     MOTION FOR POST-CONVICTION RELIEF
                             DENIED
DISPOSITION:                 AFFIRMED - 02/23/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND ISHEE, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     Rosa Wallace was indicted on January 19, 2006, for possession of cocaine, more than

thirty grams, in violation of Mississippi Code Annotated section 41-29-139 (Rev. 2005). On

June 10, 2008, the State moved to amend Wallace's indictment to charge her as a habitual

offender under Mississippi Code Annotated section 99-19-81 (Rev. 2007) and a drug

recidivist under Mississippi Code Annotated section 41-29-147 (Rev. 2005). After a hearing

on August 18, 2008, the trial court entered an order amending the indictment.

¶2.     On September 8, 2008, Wallace pleaded guilty to the charge and was sentenced as a

habitual offender to thirty years, with twenty years to be served in the custody of the Mississippi Department of Corrections (MDOC) without the possibility for parole or probation, followed by ten years of supervised post-release supervision with five years of nonreporting supervision. She was also ordered to pay a $5,000 fine, along with other fees and court costs.

¶3. On May 2, 2014, Wallace filed a motion for post-conviction relief (PCR) with the DeSoto County Circuit Court, alleging: (1) that she was denied her constitutional right to confront witnesses, as the person who certified the records of her prior convictions did not testify at the hearing; (2) that her indictment was defective because it failed to specify the dates of judgment for her prior convictions; and (3) that her sentence was illegal and subjected her to double jeopardy. While the trial court noted that her motion was time-barred under Mississippi Code Annotated section 99-39-5(2) (Supp. 2014), it nevertheless addressed the merits of Wallace's claims and denied the motion on May 20, 2014.[1]

¶4. On appeal, we find no error and affirm the trial court's denial of Wallace's PCR motion.

## STANDARD OF REVIEW

---

[1] Section 99-39-5(2) provides that in the case of guilty plea, a motion for relief must be made within three years after the entry of the judgment of conviction. However, "cases in which the defendant can demonstrate new evidence not available at trial, an intervening higher-court decision, or that the defendant is being detained on an expired sentence" are exempted from the statute's time-bar. *Mason v. State*, 176 So. 3d 130, 132 (¶5) (Miss. Ct. App. 2015) (quoting *Blount v. State*, 126 So. 3d 927, 931 (¶13) (Miss. Ct. App. 2013)). "In addition, the Mississippi Supreme Court has . . . held that the time-bar does not apply to 'errors affecting fundamental constitutional rights.'" *Id*. (quoting *Rowland v. State,* 42 So. 3d 503, 507 (¶12) (Miss. 2010)).

2

¶5. A trial court's dismissal or denial of a PCR motion is reviewed for abuse of discretion and will only be reversed if the decision is "clearly erroneous." *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012) (citing *Crosby v. State,* 16 So. 3d 74, 77 (¶5) (Miss. Ct. App. 2009)). "When reviewing questions of law, our standard is de novo." *Id*. (citing *Williams v. State,* 872 So. 2d 711, 712 (¶2) (Miss. Ct. App. 2004)).

## DISCUSSION

**I.** **Whether Wallace's constitutional right to confront witnesses was violated by the introduction of certified copies of her prior convictions.**

¶6. In her PCR motion, Wallace argued that the State's failure to introduce testimony at the hearing from the witness who certified the documents used to prove her prior convictions for habitual-offender status had deprived her of her right to confront witnesses and, thus, invalidated the habitual portion of her sentence. She cited *Bullcoming v. New Mexico*, 131 S. Ct. 2705 (2011), an "intervening decision," to support her argument that the certified documents presented were testimonial in nature. However, the trial court denied her claim, finding that the certified records of her prior judgments were not testimonial and, therefore, did not violate the Confrontation Clause.

¶7. We agree with the trial court's conclusion. First, *Bullcoming* does not address records of prior convictions; it concerns forensic laboratory reports. *See Bullcoming*, 131 S. Ct. at 2712. Second, as this Court has observed, "certified copies of the indictments and sentencing orders . . . are not documents created solely for an evidentiary purpose[, but rather are] created for the administrative purpose of tracking criminal proceedings[.]" *Small v. State*,

3

141 So. 3d 61, 68 (¶24) (Miss. Ct. App. 2014). Thus, "self-authenticating records of a defendant's prior convictions are not testimonial evidence, and do not trigger a defendant's constitutional right to confront witnesses." *Vanwey v. State*, 147 So. 3d 367, 370 (¶10) (Miss. Ct. App. 2014) (citing *Frazier v. State*, 907 So. 2d 985, 996 (¶36) (Miss. Ct. App. 2005)). The Mississippi Supreme Court had not addressed this issue until recently when, in *Burrell v. State*, 2014-KA-00670-SCT, 2015 WL 6388746, at *6 (¶19) (Miss. Oct. 22, 2015), it "adopt[ed] the Court of Appeals' rationale on this issue." Consequently, we find this argument without merit.

## II. Whether Wallace's amended indictment was defective.

¶8. As noted, the trial court approved the State's motion to amend Wallace's indictment to charge her as a habitual offender under section 99-19-81. The amended language was as follows:

> [A]nd the said Rosa Wallace having been previously convicted of possession of cocaine greater than .1 grams in Case No. CR-02-169(PF)L in the First Judicial District Court of Lee County, Mississippi, and sentenced on August 22, 2002, to serve a term of eight (8) years in the [c]ustody of the [MDOC];
>
> and the said Rosa Wallace having been previously convicted of possession of cocaine less than .1 grams in Case No. CR-02-605-(PF)L in the First Judicial District Court of Lee County, Mississippi, and sentenced on August 22, 2002, to serve a term of four (4) years in the [c]ustody of the [MDOC];
>
> and the said Rosa Wallace having been previously convicted of possession of cocaine greater than .1 grams in Case No. CR-02-169(PF)L in the First Judicial District Court of Lee County, Mississippi, and sentenced on August 22, 2002, to serve a term of eight (8) years in the [c]ustody of the [MDOC] and the said Rosa Wallace thereby coming under Section 41-29-147, Mississippi Code 1972 Annotated, as amended, a MISSISSIPPI SECOND OFFENDER STATUTE[;]

4

and the said Rosa Wallace thus having been convicted twice previously of felonies upon charges separately brought and arising out of separate incidents at different times and having been sentenced to separate terms of one (1) years or more in a state and/or federal penal institution, and the said Rosa Wallace thereby coming under Section 99-19-81, Mississippi Code 1972 Annotated, as amended, a MISSISSIPPI HABITUAL OFFENDER STATUTE[,] contrary to the form of the statute in such cases provided, and against the peace and dignity of the State of Mississippi.

Wallace contends that because the amended habitual-offender language to the indictment failed to include dates of the previous judgments, she was not properly charged under Rule 11.03(1) of the Uniform Rules of Circuit and County Court, which provides in pertinent part: "The indictment must allege with particularity the nature or description of the offense constituting the previous convictions, the state or federal jurisdiction of any previous conviction, and the date of judgment."

¶9.     We find no merit to Wallace's argument. In *Small*, our court addressed this identical issue raised by the defendant under similar circumstances, holding:

> As to the proof of his prior convictions, the State's motion to amend the indictment clearly stated the offenses, cause numbers, dates that sentences were imposed, and the terms of the sentences imposed for [Frederick] Small's prior convictions. Certified copies of the indictments and sentencing orders were submitted into the record at the hearing to amend the indictment and incorporated into the sentencing-hearing record. Further, Small negotiated for a guilty plea *as a habitual offender* and a recommended sentence with a cap of eighteen years. He did not object to the introduction of the certified copies of the documents relating to the prior convictions at the hearing on amending the indictment or at his sentencing hearing.
>
> This was sufficient to provide notice to Small of the prior crimes used to charge him as a habitual offender and an opportunity to challenge them. In *Benson v. State,* 551 So. 2d 188 (Miss. 1989), the Mississippi Supreme Court held that the failure of an indictment to list the date of conviction was not fatal. The court noted:

> While it is correct that the date of the judgment is not specifically stated in the indictment, all of the information that is contained, and specifically the cause number, afforded the defendant access to the date of the judgment. This Court holds that information pertaining to the date of the judgment was substantially set forth in the indictment and that sufficient information was afforded the defendant to inform him of the specific prior convictions upon which the State relied for enhanced punishment to comply with due process. The purpose of the above rule is fulfilled.

*Id.* at 196[.]

*Small*, 141 So. 3d at 67-68 (¶¶20-21).

¶10. In the present case, the amendment to the indictment set forth the dates of the prior convictions, the cause numbers, and the terms of the sentences imposed. Copies of the certified sentencing orders were submitted into evidence without objection. Thus, we find no defect in Wallace's indictment, as she was given sufficient notice of the prior convictions used to enhance her sentence.

**III.** **Whether the trial court's imposition of ten years of post-release supervision subjected Wallace to an illegal sentence and double jeopardy.**

¶11. Wallace argues she was subjected to an illegal sentence because she received ten years of post-release supervision, in addition to the term of imprisonment (twenty years). She claims that this constitutes double jeopardy, as she was sentenced for the same offense twice and, therefore, the habitual-offender portion of her sentence should be vacated.

¶12. Having been convicted of two prior felonies, Wallace was sentenced as a habitual offender in accordance with sections 41-29-147 and 99-19-81. Consequently, the maximum sentencing term for the charged offense was sixty years, which Wallace acknowledged at the

plea hearing. However, the trial court noted and accepted the State's recommendation that, based on the appropriate proportionality analysis, "something less than the maximum sentence of [sixty] years" was the appropriate sentence. Therefore, the trial judge sentenced Wallace to only thirty years, "to be served [twenty] years incarceration [and] ten years post-release supervision, five of that reporting."

¶13. "[A] trial court may sentence a [defendant] to a term of incarceration plus a term of post-release supervision for any felony crime, provided the term of incarceration plus the term of post-release supervision do not exceed the statutory maximum sentence for the crime committed." *Kern v. State*, 828 So. 2d 871, 872 (¶7) (Miss. Ct. App. 2002). Accordingly, as Wallace's thirty-year sentence does not exceed the maximum allowed by law, and she was not sentenced to two separate terms for the same offense, this issue is without merit.

¶14. Accordingly, we affirm the trial court's denial of Wallace's PCR motion.

¶15. **THE JUDGMENT OF THE CIRCUIT COURT OF DESOTO COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO DESOTO COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, FAIR, JAMES AND WILSON, JJ., CONCUR. GREENLEE, J., NOT PARTICIPATING.**

7